WALTER D. HEAD, TRADING AS MONTCLAIR ACADEMY, RESPONDENT, v. HENRY A. THEIS, APPELLANT.

Submitted January 31, 1930—Decided May 1, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Frank H. Hennesey.*

For the respondent, *Jacob L. Newman.*

The opinion of the court was delivered by

PARKER, J.   The defendant, on May 2d, 1928, made written application on a printed form for the admission of his son, aged nine, to the plaintiff's school as a five-day boarder, and in that application agreed to the terms and conditions of admission as stated in the catalogue.   A place in the school was accordingly reserved and kept open for the son, until on September 13th, 1928, five days before the school opened for boarders, defendant wrote that because of the founding of a new school at a place much nearer his home he would like to send his son there, if there was a waiting list from which the vacancy caused by withdrawing him could be filled, and if not, asking the plaintiff "to be entirely frank in helping him on the course to pursue."   The catalogue assented to by defendant in writing as stated, provided, among other things, that "all students are enrolled for the entire year, and a full year's tuition must be paid notwithstanding the fact that the student may have been withdrawn during the year, unless—the student is voluntarily withdrawn before the second half-year and notice of such intended withdrawal given to the head master in writing before December 1st, in [which case] the tuition for the second half-year [less the deposit fee] will be remitted."   Accordingly, after some communication by telephone, the plaintiff replied September 26th, that "after consultation with the auditor—we have decided a charge of half the amount which you were to have paid for John [*sic*—meaning the son] would be fair.   This amounts to $625.   If at any later time we get a boy to take that place, we shall be very glad to remit a proportionate amount."

The case shows that plaintiff made diligent efforts to fill the vacancy but was unsuccessful until January 7th, 1929. It also shows that prior to the letter of September 13th, which taken with the telephone conversations constituted a notice of withdrawal and was so understood by the plaintiff, he had rejected applicants because the school list (including defendant's son) was full. Conformably to the final clause of plaintiff's letter of September 26th, the charge of one-half was reduced to one-third, or $416.66, and from this the registration fee of $25 paid at the outset was deducted, leaving a balance of $391.66, for which amount, without interest, judgment was entered.

The first point made on this appeal is that a nonsuit should have been granted because of the clause in the catalogue reading as follows: "A deposit of $25 should accompany the application for registration or re-registration. This fee is deductible from the tuition. It is not returnable, however, in case a boy is registered but not entered."

The argument is that defendant's son was "registered but not entered" because he had not actually taken up his quarters in the school, and the testimony of plaintiff on cross-examination, "that defendant's son had never actually entered or attended the school" is invoked in support of this view. We deem it without substance. The father entered his son for the school year 1928-9, and did not merely register him as a prospective future student on a waiting list. The son did not "enter" or attend the school in a physical sense, but he was entered, the place was made and reserved for him, and the arrangement was complete. The distinction between registration and entry appears on the face of the clause itself.

The next point is that the court rejected questions to plaintiff on cross-examination, tending to show what had been saved in food and cost of incidentals by the son not having been at the school; and that the court refused to enter judgment for nominal damages because of lack of such proof. This argument is based on the line of cases typified by *Kehoe* v. *Rutherford,* 56 *N. J. L.* 23; *Wilson* v. *Borden,* 68 *Id.* 627, &c.; but those cases are inapplicable because as we read the

contract as contained in the catalogue and entry blank, the damages in case of notice of withdrawal before December 1st are stipulated at half the annual fee. That fee, as stated in the contract, was from $1,150 to $1,350. Plaintiff averaged it at $1,250 and in the letter of September 26th, stated $625, or half of $1,250 as the amount. Whether this should have been more or less is immaterial in view of the concession by the plaintiff, based on his letter of September 26th and to which the court was justified in finding from defendant's silence that he had assented, that one-third of $1,250 less the $25 paid would be accepted in full satisfaction. Naturally $416.67 is less than half of the minimum five-day annual rate of $1,150, and so defendant has no reason to complain. This disposes of the third point, that "the amount of the judgment bears no logical or proper relation to the contract price." This may be conceded for the nonce; but if defendant should desire a judgment entered according to the terms of the contract, that judgment would be for $575 less $25, instead of $391.67 as now entered.

The judgment will be affirmed.