ALEXANDER HAMILTON INSTITUTE, A CORPORATION, PLAINTIFF-APPELLANT, v. LAWRENCE CALKINS, DEFENDANT-APPELLEE.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the plaintiff-appellant, *Osie M. Silber.*

For the defendant-appellee, *Thomas S. Doughty.*

The opinion of the court was delivered by

PERSKIE, J. The facts on this appeal are as follows: The plaintiff sued on two counts. *First Count.* That plaintiff and defendant entered into a written contract dated January 15th, 1930, whereby plaintiff offered to furnish defendant a certain course of instruction for about two years, for the sum of $225. Defendant accepted the offer. He made payments

(totaling $55) up and until about June, 1930, at which time he ceased making further payments. The last paragraph of the agreed state of case states that there was a continuation of the services up to October, 1931, and an extension of the account until January 1st, 1932. We do not think that this has any bearing on the issue involved. *Second Count.* This was on a book account. The defendant, upon ceasing to make further payments under the contract, tendered the text books to the plaintiff and acceptance thereof was refused. The suit was brought subsequent to January 18th, 1932, which was after the last payment date under the contract. The plaintiff proved no special damage. It relied simply on the breach of the contract by the defendant as the basis upon which it claimed the right to recover the full amount of the contract price, less, of course, payments made thereon by the defendant.

The trial judge applied the rule adopted in the case of *Kehoe* v. *Rutherford,* 56 *N. J. L.* 23, and held that the plaintiff had failed to make the necessary proof thereunder and was therefore not entitled to recover. Judgment was entered for the defendant. The propriety of that determination is before us for review.

In the case of *Kehoe* v. *Rutherford, supra,* it was held where the work contemplated by a contract was only partially performed because of the wrongful act of the defendant, the legal measure of damages which the plaintiff is entitled to recover is generally for the work done, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and in respect to the work not done, such profit as he would have realized in doing it. This is the well established law. *Cavanagh* v. *Ridgefield,* 94 *N. J. L.* 147; *Sullivan* v. *Magnolia Construction Co.,* 96 *Id.* 214. But is this rule of law applicable to the instant case? We think not.

The contract between the parties, *inter alia,* provides that "* * * should any part of the above fee become due and remain unpaid for sixty days or more, the entire balance may, at the option of the Institute be declared immediately due and payable. This contract is not subject to revocation * * *."

The damages are clearly stipulated in the contract of the parties.

In the case of *Wilkinson* v. *Orange Mountain Land Co.,* 103 *N. J. L.* 683, it was held where a contract provided for complete payment by the defendant to the plaintiff upon the happening of a definite event during the performance of the work or service covered by the contract but before the entire completion thereof, and then after the happening of that event, performance of certain items of said work or service covered by the contract and to be subsequently performed, was wrongfully prevented by the defendant, the plaintiff became entitled to recover the full contract price less a deduction (calculated according to the rule laid down in *Kehoe* v. *Rutherford, supra*), because of the unperformed work, but the burden of establishing by proof the proper amount of the deduction is, in such circumstances, upon the defendant, and, consequently, in the absence of such proof, the recovery by the plaintiff of the full contract price was proper.

In the recent case of *Head* v. *Theis,* 106 *N. J. L.* 281, Mr. Justice Parker held (at *pp.* 283, 284) :

"The next point in that the court rejected questions to plaintiff on cross-examination, tending to show what had been saved in food and cost of incidentals by the son not having been at the school; and that the court refused to enter judgment for the nominal damages because of lack of such proof. This argument is based on the line of cases typified by *Kehoe* v. *Rutherford, supra; Wilson* v. *Borden,* 68 *N. J. L.* 627, &c.; but those cases are inapplicable because as we read the contract as contained in the catalogue and entry blank, the damages in case of notice of withdrawal before December 1st are stipulated at half the annual fee."

It seems to us that the instant case comes within the class of cases typified by *Head* v. *Theis, supra.*

Judgment is reversed, with costs.