218-220 MARKET STREET CORP., A CORPORATION OF THE
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
KRICH-RADISCO, INC., A CORPORATION OF THE
STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 18, 1939—Decided February 5, 1940.

For the plaintiff-appellant, *Spaulding Frazer* (*Jack Rinzler* and *Harry Schaffer,* of counsel).

For the defendant-respondent, *Milton M. Unger* (*Sydney L. Seiler,* on the brief).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment recovered in the Essex County Circuit Court by the respondent on its counter-claim.

The action was for a breach of contract for the installation of an air conditioning system in the appellant's bar and res-

taurant. The claim was that the equipment installed was not as specified; that it was not satisfactory in doing the work intended and·that it had not been installed within the time limited in the contract. The respondent denied any breach and counter-claimed for the sum of $11,400, which was the unpaid balance of the contract price.

The verdict of the jury was in favor of the respondent on the counter-claim of $7,537 which the trial court reduced to $7,285 because of an obvious error in the calculation of interest.

The issues were sharply disputed, thoroughly and ably presented, especially as to the equipment which was installed and whether it was as provided for in the contract. The case presented was largely one involving factual disputes.

It will be noted that the verdict was over $4,000 less than the unpaid balance of the contract price. This means that the finding of the jury was there had been a breach of the contract and that appellant's damage was the difference between the unpaid balance of the contract price and the amount of the verdict.

An examination of the voluminous record satisfies us that the trial court committed no error which injuriously affected the substantial rights of the appellant, therefore there should be an affirmance. *Cf. Kargman* v. *Carlo,* 85 *N. J. L.* 632; *Ridgeley* v. *Walker,* 86 *Id.* 590; *Connoly* v. *Public Service Railway Co.,* 94 *Id.* 157.

The first, and perhaps the main point, urged by appellant as reversible error is that the trial court was in error in directing a verdict against it on the fourth count of the complaint. This count sets up the provision of the contract, and charges its breach, it provided that the cooling system be installed and in operation by May 30th, 1938, and failing in those respects the respondent shall pay $100 for every day thereafter until the installation and operation be completed as liquidated damages. We think that a legal question for the court rather than a factual one for the jury was presented on this motion as to the legality of this provision of the contract. We conclude that the court was right in granting the motion for two reasons. First—because the testimony,

in our view, abundantly established the fact that the equipment was installed and in operation on the date mentioned. Secondly—whether that was the fact or not we conclude that the sum of $100 per day is so out of proportion to any loss which the proofs indicate might result from such breach that it is in fact a penalty and not liquidated damages. We reach that conclusion from a consideration of the amount of the contract price; the nature of the work and its intended purpose; that the period during which this amount is payable is a continuing one and is not limited to the summer season and all the other circumstances of the case. It seems clear that this amount was not based upon damages which would likely flow from a breach but is rather an arbitrary figure unrelated to such damages or losses and was therefore a penalty. Moreover, no testimony was offered to show any loss of business or other specific damage suffered by appellant in the circumstances. This matter of proof of damages will be adverted to again later. The policy of the law is to allow real damages only. If the contract provides damages which will exceed real damages as same may be ascertainable by proof, or damages which are unconscionable or excessive under the circumstances the same are considered as penalties and are unlawful.

This court in stating these rules has said that where from the whole contract doubt exists whether the sum mentioned is intended as a penalty or as liquidated damages, "it will be construed as a penalty, because the law favors mere indemnity." *Monmouth Park Association* v. *Wallis Iron Works,* 55 *N. J. L.* 132 (at *p.* 141). See, also, *Summit* v. *Morris Traction Co.,* 85 *Id.* 193.

The next point urged as ground for reversal is that the court refused to charge the jury appellant's sixteenth, eighteenth, nineteenth, twentieth and twenty-first requests. We conclude that there is no merit to this point for the reason that all of these requests were in fact charged in substance by the court. Requests 16 and 21 in effect are that there can be no recovery of the contract price if the jury find a failure to perform "in any substantial respect" or "a substantial part of the work." These requests were charged by the court, we

think, clearly and fully in these words—"taking into consideration all of the alleged defects and shortcomings of the equipment by way of material supplied, the manner of installation and performance, have the defendants, the sellers, substantially performed their contract? If they have not, then the plaintiff is entitled to payment on the contract." We find that the same subject-matter was also spoken of by the court to the same effect in other parts of the charge. The rule is well established that the court need not charge in the precise language of the requests. If, as here, the requests are covered by the court's own language that is sufficient. Requests 18 and 19 in effect are that defendants are not entitled to recover on the counter-claim if there was a willful deviation from the terms of the contract or lack of good faith and that consideration be given in finding those facts by the evidence of the carelessness and negligence of the respondents in the prosecution of the work. Again we think the court adequately covered these matters in its charge and so did not need to repeat same. Nor do we think the good faith of respondent was a question in dispute under the evidence. That being so a failure to charge as requested in that respect is not error. Request 20, in effect, was that there was testimony that it would cost about $8,200 to properly complete the work as called for by the contract and that if such was found to be the fact the verdict should be against the respondent on the counter-claim. This goes to the matter of substantial performance. We think, as before indicated, that the court's charge fully covered the matter of substantial performance under the circumstances of this case. The jury here found as a fact that there was substantial performance and there was evidence to support its findings. It appears that the air conditioning system was in operation during the entire summer following its installation. *Cf. Isetts* v. *Bliwise,* 72 *N. J. L.* 102.

The next point argued is that the charge of the court was erroneous wherein it said—"If the job was substantially performed but not in full compliance with the contract, the plaintiff is entitled to damages for the defects or inferiorities" and added what has already been quoted from the charge

about substantial performance. The argument being that the essence of substantial performance not being pleaded should not be submitted to the jury. We think that issue was within the pleading. In any event the case was tried on that theory, indeed the court allowed both sides to go far afield in order that the entire issues between the parties be decided. But even if strictly speaking this issue was not raised technically by the pleadings we conclude that no harm has been suffered by appellant.

Next it is argued that the court was in error in refusing to charge appellant's request No. 5 as follows: "The plans, proposals and specifications having been prepared by defendant and submitted to plaintiff as part of the contract between the parties, the defendant must be deemed to have warranted their sufficiency to accomplish the air conditioning results specified in said contract and, if you find the system as installed by defendant did not accomplish the results specified in the contract, you should return a verdict for the plaintiff." We think this request was properly refused because the contract expressly provided that there were no implied warranties and, again, to charge this request would be inconsistent with the court's theory and charge we have already spoken of concerning substantial performance which was properly a jury question. We find no error here.

It is next argued that the court erred in charging "It was the duty of the Krich Company to do the work in a workmanlike manner. Was it done in this respect? You must determine the question." The argument being that this was in conflict with the appellant's seventh request to charge which was charged. We do not find so.

Next it is argued that the court erred in charging defendant-respondent's fifth request to charge which in effect is that for the plaintiff to recover it must establish that it has fully performed the terms of the contract and that defendant has failed to perform to the damage of plaintiff. It is urged that this laid an undue burden on the plaintiff and in effect shifted the burden of proof on this issue. Not so, where, as here, there are conditions precedent and the duty is upon the party seeking recovery to establish that he has performed

all those conditions. *Matlack* v. *Public Service Corp.*, 83 *N. J. L.* 118. Indeed the complaint affirmatively sets forth that it has performed all of the conditions of the contract "on its part to be performed." What the court's charge says is that plaintiff must prove what it alleges.

The next point argued is that the court erred in refusing to charge its thirteenth request. That request has to do with acceptance and in effect instructed the jury that mere operation of the equipment after May 30th, does not in itself constitute acceptance in accordance with the contract in the absence of evidence of such intention. To refuse this request was proper. The theory of the action was that there had been an acceptance and damages for breach of the contract, there was no rejection of the equipment or rescission of the contract. Acceptance was immaterial under the issues and theory of the case. Moreover, the court did speak of acceptance in the charge by way of comment on the evidence but left all of the issues of fact in question for the decision of the jury.

The next point urged is that the court's charge was erroneous with respect to what was said about damages and that his rulings on evidence concerning damage was also erroneous. Testimony was offered by appellants, and objection sustained, to show the amount paid for a new ceiling which it was claimed was made necessary because of the alleged breach of the contract. This expense was incurred prior to the making of the contract and so obviously it is not the result nor damage flowing from any breach of the contract. But nevertheless this testimony was properly excluded because a bill of particulars itemizing the damages claimed was furnished and did not contain this item. The appellants, of course, were bound and limited to their bill of particulars.

Exception was taken to the court's ruling in sustaining an exception to the question asked of a witness—"What is the amount of business you do in that store annually?" We think that question was objectionable because it had no bearing on the question of whether the contract had been performed or not. It would of course have been proper as an item of damage to show that by reason of the breach of the

contract the appellant suffered a loss of business but certainly the question under consideration as framed was clearly immaterial. No other effort was made to show by any evidence of any loss of business due to the lack of proper air conditioning by this equipment.

The court charged as requested in effect that if plaintiff established its right to recover the jury may consider all incidental damages, including loss of business but refused to charge in that request the following "and in determining such amount the jury may take into consideration the estimation of the parties of the damages per day suffered by the plaintiff for non-completion on or before May 30th, 1938, as set forth in the contract." We think that this request was properly omitted from the court's charge because as already stated this $100 per day damage as provided for in the contract was a penalty and not a sum which could be recovered as liquidated damage. As to recoverable damages we conclude that the court's charge and rulings on evidence were correct and gave the appellant ample opportunity to show by proper evidence every item of damage it was entitled to receive under its theory of the case and the issues involved.

There remains for consideration the rulings of the trial court on the admission and rejection of evidence to which objections were made. We deem it unnecessary to discuss these in detail, suffice it to say that we have carefully examined all of the rulings in question and conclude that there was no reversible error committed.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.