SUBURBAN GAS COMPANY, A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. PHILLIP MOLLICA,
DEFENDANT-APPELLANT.

Submitted October 5, 1943—Decided December 23, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Charles I. Malovany* (*Edwin G. Adams,* of counsel).

For the defendant-appellant, *William H. Yanowsky* (*Alfred J. Grosso,* of counsel).

The opinion of the court was delivered by

PORTER, J. Plaintiff sued for breach of contract and recovered the amount due together with liquidated damages as provided for in the contract. It is not disputed that the contract was breached by the defendant. The sole ground argued on appeal is that the trial court erred in awarding liquidated damages, the contention being that the contract should have been construed as providing for a penalty and not for liquidated damages.

The plaintiff is a distributor of liquefied petroleum product commonly known as "bottled gas." It is delivered to the consumer in metal cylinders which are refillable. On April 8th, 1939, the parties entered into a written agreement under

which the defendant agreed to purchase from the plaintiff exclusively all liquid petroleum gas required by him at the premises specified for a period of three years at a fixed price and to pay the regular charges for installation and servicing of necessary equipment. It was also provided that a monthly minimum charge would be one dollar and fifteen cents ($1.15). The clause of the contract concerning damages reads as follows:

"(f) Inasmuch as any loss arising from a breach of this agreement would be difficult of determination it is agreed that liquidated damages for any such breach is agreed upon to be fixed at the rate of $2.00 per month for all unexpired months of the life of this agreement." At the time of the breach the contract had eight months to run.

Parties to a contract may not fix a penalty for its breach. The settled rule in this state is that such contract is unlawful. Liquidated damages however are enforceable, and the intention of the parties will be carried out. The distinction between penalty and liquidated damages is to be tested by the reasonableness of the amount stipulated by the parties in the contract. If unconscionable, exorbitant or excessive under all the conditions and circumstances they are a penalty and not recoverable because the law limits recovery to indemnity from loss. *Monmouth Park Association* v. *Wallis Iron Works,* 55 *N. J. L.* 132; 26 *Atl. Rep.* 140; *218-220 Market Street Corp.* v. *Krich-Radisco, Inc.,* 124 *N. J. L.* 302; 11 *Atl. Rep. (2d)* 109.

It has also been held that where damages are uncertain in amount and not readily susceptible of proof and the parties have agreed upon a sum not disproportionate to the presumable loss it may be recovered as liquidated damages; "but where the agreement contains disconnected stipulations of various degrees of importance, the sum named * * * will be considered as a penalty, unless the agreement specifies the particular stipulation or stipulations to which the liquidated damages are to be confined." *Summit* v. *Morris Traction Co.,* 85 *N. J. L.* 193; 88 *Atl. Rep.* 1048.

It is the contention of the appellant that under these rules the damages for the breach of the contract should have been

found in a nominal amount, there having been no proof of actual damages sustained; that the contract should have been construed by the trial court as providing for a penalty and not for liquidated damages. We think not. It seems obvious that the plaintiff was unwilling to assume the expense of installing pipes, cabinets and other equipment in defendant's premises without assurance of indemnity against loss by securing a contract for exclusive sales for a reasonable period and for some formula for fixing liquidated damages in case of breach by the defendant. It is true that the contract contains several covenants by the appellant, the failure of any one of which would, of course, constitute a breach. For instance he agrees to have the plaintiff install necessary connections and equipment and to pay for same, to permit removal of same upon the breach or expiration of the contract, to permit servicing of equipment, to purchase gas exclusively from plaintiff and to pay for same on demand, and to pay a monthly minimum charge. Nevertheless we do not think the contract contains stipulations of various degrees of importance but rather that the various covenants are not independent nor of varying degrees of importance. The object of the contract and of each of its covenants was to secure to plaintiff the trade of the defendant for a definite period of time. The breach of any of the covenants would violate the rights of the plaintiff under the contract, and the amount of the damage would in each case be precisely the same. The amount specified as liquidated damages considering the nature of the contract, the minimum monthly charge and the proofs of the quantity of gas sold during the life of the contract satisfies us that the amount of $2 per month is not exorbitant, excessive or unconscionable. It seems to us rather to be a reasonable and fair amount to fix as indemnification and does not seem to be a penalty. A recent case decided by this court, *Borden Co.* v. *Manley,* 127 *N. J. L.* 461; 23 *Atl. Rep.* (2d) 281, is in point, and we think was correctly relied upon by the trial court below as authority for its findings.

The judgment under review is affirmed, with costs.