82 N.J. Super. 200 (1964)
197 A.2d 379
WESTMOUNT COUNTRY CLUB, A CORPORATION, PLAINTIFF-APPELLANT,
v.
NAT KAMENY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 6, 1964.
Decided February 6, 1964.
*202 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Jack L. Cohen argued the cause for the appellant.
Mrs. Sylvia B. Pressler argued the cause for respondent (Mr. David A. Pressler, attorney; Mrs. Sylvia B. Pressler on the brief).
The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiff Wesmount Country Club appeals from an order of the Bergen County District Court dismissing with prejudice plaintiff's complaint of an alleged breach of contract by defendant.
On March 14, 1962 defendant Nat Kameny signed an application for membership in the Westmount Country Club (Westmount) for the year from April 1, 1962 to March 31, 1963. Westmount operates a club in West Paterson, New Jersey, which provides facilities for swimming, including the use of cabanas, and a day camp for children of a member's family.
The annual charge which defendant agreed to pay totaled $875. The charge was comprised of the following items: membership fee, $50; a "Havana" cabana rental fee for defendant and his wife, $275; the use of the facilities for two additional members of the family, $150; day camp fees for two of defendant's children, $400. A payment of $25 of said charge was required to be made when the application was submitted. *203 Defendant paid the $25 and his application was accepted.
The application contained the following provisions:
"I agree to pay the balance in full, plus tax, on or before May 1, 1962. I understand that this application is not revocable after April 1, 1962 and that revocation is not effective, unless in writing delivered to the Club at its office in West Paterson, New Jersey; that no reduction or apportionment of fees will be made on account of withdrawal or expulsion at any time during the membership year.
This Agreement is not subject to modification except in writing. In the event of default on my part, the Club may, but is not obligated, to resell my membership. I agree to abide by existing and future Club rules and regulations. Selection of location will be adhered to whenever possible but is not construed to be a condition on this contract."
On June 4, 1962 defendant gave plaintiff written notice that he was cancelling his membership. In his answers to interrogatories he stated that neither he nor any member of his family made any use of plaintiff's services or facilities at any time during the 1962 membership season, or in any way asserted any membership rights in the club.
Plaintiff thereafter brought suit to collect the $850 balance allegedly due under the agreement. It was not claimed in the complaint that any part of the agreement constituted a liquidated damages provision. Defendant filed an answer denying liability and asserting as an affirmative defense, inter alia, that plaintiff had suffered no damage. Defendant sought by means of interrogatories to ascertain the extent of plaintiff's damages and whether said damages had been mitigated. Information sought in the interrogatories was (1) loss of profits claimed, (2) steps taken to use, sell or rent the facilities not used by defendant, and the money received for such use, (3) costs to plaintiff when such facilities were in use, (4) paid membership capacity of the club, (5) number of paid members for the year commencing April 1, 1962, (6) number of "Havana" cabana rentals available, (7) number of "Havana" cabanas actually used during the year, (8) capacity of day camp facilities for the summer for 8-year-old girls and 6-year-old *204 girls, and (9) number of 8-year-old girls and 6-year-old girls who attended day camp during the summer of 1962.
Plaintiff answered the first question above by stating, "This action is not based on loss of profits." Plaintiff refused to answer the remaining questions on the ground that the answers were immaterial.
Defendant moved for an order to compel answers to said interrogatories. At oral argument of the motion plaintiff stipulated it would consent to a dismissal of the action with prejudice if the interrogatories propounded were, as a matter of law, material to the question of damages. By agreement the stipulation was reduced to writing and filed with the court. It is as follows:

"STIPULATION

* * *
1. If plaintiff is obligated, as a matter of law, to prove actual damages, this action shall be dismissed with prejudice.
2. If plaintiff had a duty, as a matter of law to mitigate damages, this action shall be dismissed with prejudice.
3. If defendant has the right, as a matter of law, to introduce proof of mitigation of damages, the action shall be dismissed with prejudice.
Plaintiff further stipulates that each of the three conditions above set forth are independent of each other and that the action shall be dismissed if any one of them is decided adversely to plaintiff's position that it is absolutely entitled to recover the full contract price in the event of a breach."
Defendant moved for a dismissal with prejudice based on the stipulation and the trial court granted the motion, "in accordance with Paragraph Third of the stipulation." Thus, the trial court held that defendant had a right, as a matter of law, to introduce proof in mitigation of damages. The appeal to this court followed.
Plaintiff contends that the agreement by defendant to pay the remaining $850 without right of revocation, and without right of apportionment of the charge upon a withdrawal from membership, constitutes an enforceable stipulation for payment of liquidated damages. It claims, therefore, that defendant cannot introduce evidence to show the actual damages *205 plaintiff sustained in an effort to mitigate damages to be assessed against defendant.
It is undisputed that plaintiff did not extend to defendant the services and facilities called for by the contract because it was prevented from doing so by his repudiation of the agreement. The pivotal question presented is whether the language of the contract imports that the entire yearly charge shall be recoverable upon breach by a member, without a right on his part to introduce evidence in mitigation of the claimed damages.
Of material significance in the instant case is the question of whether the clause in the agreement is one for liquidated damages or a penalty, or neither. There is no language which specifically describes the clause as an agreement to pay liquidated damages in the event of a breach.
Liquidated damages is the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable as agreed damages if the breach occurs. A penalty is the sum a party agrees to pay in the event of a breach, but which is fixed, not as a pre-estimate of probable actual damages, but as a punishment, the threat of which is designed to prevent the breach. McCormick, Damages, § 146, pp. 599-600.
Parties to a contract may not fix a penalty for its breach. The settled rule in this State is that such a contract is unlawful. Suburban Gas Co. v. Mollica, 131 N.J.L. 61, 62 (Sup. Ct. 1943).
In the determination of whether a clause in a contract is one for liquidated damages or a penalty, our courts have set up certain criteria as guides. The construction to be placed upon the clause in dispute is to be decided by considering not only the particular words in the contract, but the whole scope of the bargain, including the subject to which it relates. Monmouth Park Asso. v. Wallis Iron Works, 55 N.J.L. 132, 140 (E. & A. 1892).
*206 An agreement made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimate. 1 Restatement, Contracts, § 339, p. 552 (1932). And see Suburban Gas Co. v. Mollica, supra; 218-220 Market St. Corp. v. Krich-Radisco, Inc., 124 N.J.L. 302, 305 (E. & A. 1939). However, if it appears that the parties have provided for an excessive sum in a case where the real damages are certain or readily reducible to certainty by proof, then the sum fixed is deemed a penalty and is not enforceable. Borden Co., Pioneer Ice Cream Division v. Manley, 127 N.J.L. 461, 463 (Sup. Ct. 1942).
Upon a consideration of the whole agreement, if it is doubtful whether the provision for payment is intended as a penalty or liquidated damages, it will be construed as a penalty, because the law favors mere indemnity. Monmouth Park Asso., supra, 55 N.J.L., at page 141.
In the present case, doubt does exist whether the paragraphs of the agreement in question call for liquidated damages. As noted, this term is not found in the contract. There is no statement that the damages arising from the breach of the agreement would be difficult of determination and therefore the full contract price is agreed upon as liquidated damages. Cf. Suburban Gas Co. v. Mollica, supra, 131 N.J.L., at page 62. Nor is there a statement that the unpaid balance now claimed by plaintiff is to compensate for plaintiff's expenses or loss of anticipated profits.
The law's sole purpose in departing from its usual rule of enforcing agreements, when it declines to enforce agreements for penalties, is to avoid extortion and injustice which a free power to stipulate damages would invite, and the proper test of whether a particular stipulation is a penalty and thus unenforceable is whether, viewed as of the time of its making, it is reasonably proportioned to the probable loss *207 which will ensue from a breach. A provision in a contract to furnish facilities which provides that the full contract price is recoverable in the event of a breach  absent evidence that the parties fixed the amount as a reasonable forecast of just compensation for the harm caused by a breach and that such harm is incapable or very difficult of accurate estimation  bears no reasonable relation to actual damages and cannot be considered as liquidated damages. See 1 Restatement, Contracts, § 339, p. 552 (1932); Suburban Gas Co. v. Mollica, supra, p. 62; Summit v. Morris County Traction Co., 85 N.J.L. 193, 195 (E. & A. 1913); McCormick, Damages, § 149, p. 606.
Plaintiff argues that provisions like the one contained in its contract have been enforced in earlier New Jersey cases  Head v. Theis, 106 N.J.L. 281 (Sup. Ct. 1930); Alexander Hamilton Institute v. Calkins, 112 N.J.L. 170 (Sup. Ct. 1934); Tabor Academy v. Schwartz, 129 N.J.L. 390 (E. & A. 1943). These cases all involved breach of a school contract wherein defendant had agreed to pay for instruction and which provided for payment in full, or in substantial part, notwithstanding breach. Where, as in Head, the agreement called for payment of one-half the annual rate, and plaintiff actually accepted less than one-half, the case may be viewed as the enforcement of a reasonable stipulation for liquidated damages. 106 N.J.L., at page 284. See 5 Williston, Contracts (rev. ed. 1937), § 1352, p. 3794, n. 2, where the case is so treated.
Neither do we read Alexander Hamilton Institute as standing for the proposition that defendant may not introduce evidence of actual damages. The court equated the situation there involved, breach of a correspondence school contract, with the class of cases represented by Head v. Theis, above. Further, in holding inapplicable the ordinary measure of damage rule as exemplified in Kehoe v. Rutherford, 56 N.J.L. 23 (Sup. Ct. 1893)  that "plaintiff has the burden of proving his actual loss of profits"  the court relied upon *208 Wilkinson v. Orange Mountain Land Co., 103 N.J.L. 683 (E. & A. 1927).
In Wilkinson it was held that where plaintiff was prevented from performing by defendant's breach, and defendant had promised payment before completion, plaintiff was entitled to the full contract price less any deduction for unperformed work which defendant could prove. Rather than standing for the proposition that proof of actual damages is irrelevant, Wilkinson  and Alexander Hamilton Institute to the extent that it relies on Wilkinson  stands in opposition to plaintiff's position. These cases would seem to adopt the so-called Nebraska rule which, in school contract cases, puts the burden on defendant to prove that plaintiff has suffered no damage by reason of the breach of contract. International Text-Book Co. v. Martin, 82 Neb. 403, 117 N.W. 994 (Sup. Ct. 1908), second appeal 92 Neb. 430, 138 N.W. 582 (Sup. Ct. 1912); International Correspondence School v. Crabtree, 162 Tenn. 70, 34 S.W.2d 447, 78 A.L.R. 330 (Sup. Ct. 1931); Alexander Hamilton Institute v. Hart, 180 Wis. 90, 192 N.W. 481 (Sup. Ct. 1923).
Only in Tabor Academy v. Schwartz, above, do we find an unequivocal holding that plaintiff was entitled to the full contract price upon breach by defendant of a school contract. Although decided by our court of last resort, the case is particularly unpersuasive. Not a single case is cited by the court. Significantly, there is no indication in the opinion that defendant sought to prove mitigation of damages. Of even greater significance is the fact that plaintiff was a corporation existing under the laws of Massachusetts where the school was located. While there is no discussion in the case of the place of contract, performance or breach, the court may have considered Massachusetts law to be applicable. If it did, the result is understandable. The Massachusetts rule calls for full payment in contracts of this sort. See International Text-Book Co. v. Martin, 221 Mass. 1, 108 N.E. 469 (Sup. Jud. Ct. 1915). The rule has been much criticized. See Mount Ida School for Girls v. Hood, 253 Mich. 482, 235 *209 N.W. 227, 74 A.L.R. 1325 (Sup. Ct. 1931); Green v. Nelson, 120 Utah 155, 232 P.2d 776 (Sup. Ct. 1951); 5 Williston, Contracts (rev. ed. 1937), §§ 1351, 1352, pp. 3791-3794. Cf. the contrary holding of the Massachusetts court in Dale System v. Wichroski, 320 Mass. 319, 69 N.E.2d 241 (Sup. Jud. Ct. 1946).
It is not reasonable to assume that plaintiff would have incurred no costs whatever in connection with defendant's membership, and that the membership represented a pure profit. In the instant case a substantial part of the contract price was for rental of a cabana. If it was revealed through discovery proceedings that plaintiff, following defendant's breach, had rerented the cabana to another, such evidence could be presented in mitigation of plaintiff's claim for damages. Cf. Wilkinson v. Orange Mountain Land Co., supra. It has been held that even where a landlord is under no obligation to mitigate damages where a lessee breaches a lease, if he relets the premises to a new tenant, the defaulting lessee is entitled to credit as against the amount due under the lease to the extent of payment received by the landlord from the new tenant. Heyman v. Linwood Park, 41 N.J. Super. 437, 441-442 (App. Div. 1956).
It is to be recalled that the agreement further provided that plaintiff, upon defendant's default, while not obligated so to do, could resell defendant's membership. Discovery might well show that plaintiff suffered no actual damage by reason of defendant's breach. In Calabro Const. Co., Inc. v. Hamilton Twp., 131 N.J. Eq. 1, 5 (Ch. 1941), affirmed Township of Hamilton v. Spiniello Const. Co., 131 N.J. Eq. 209 (E. & A. 1942), the court held that a provision in a contract, deemed an agreement for liquidated damages rather than a penalty, could not be enforced where there were no actual damages.
We are satisfied that defendant had a right to introduce proof in mitigation of damages which might be awarded against him and that discovery proceedings, including the interrogatories propounded by defendant in this case, were *210 proper. The trial court's decision dismissing the action with prejudice, in accordance with the stipulation of the parties, will be affirmed.