**COMPUTER PROPERTY CORPORATION, Plaintiff-Appellee,**

v.

**COLUMBIA DISTRIBUTING CORPORATION, Defendant-Appellant.**

No. 73–1599.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1973.

Decided March 26, 1974.

Gene R. Ellison, Columbia, S. C. (Barnes, Austin & Ellison, Columbia, S. C., on brief), for defendant-appellant.

H. Simmons Tate, Jr., Columbia, S. C. (Boyd, Knowlton, Tate & Finlay, Columbia, S. C., on brief), for plaintiff-appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

This is a diversity case arising out of a contract for the lease of a computer in which the lessee defaulted and the lessor repossessed and later sold the equipment involved. The contract provided that it be construed in accordance with New Jersey law, to which the parties even now do not object; for liquidated damages consisting of accelerated rental payments until the end of the term upon default; for a credit to the lessee upon sale after default by the lessor for such part of the resale price as might be attributed to the period between the date of the sale and the end of the term; and for such additional damages upon default as may have resulted from the breach.[1]

The district court awarded judgment to the plaintiff as follows:

| | |
|---|---:|
| Remainder of rental due | $43,763.20 |
| Interest on rental due | 8,370.67 |
| Value of missing parts | 6,791.22 |
| Cost of repairs | 2,000.00 |
| Attorneys' fees (10%) | 6,092.50 |
| | $67,017.59 |

The defendant appeals from that part of the judgment awarding accelerated rentals as liquidated damages, claiming it a penalty; from the award of attorneys' fees; and from the action of the district court allowing it no credit under the contract on account of the sale by the lessor after repossession. Of course, if the accelerated rentals should fall, interest thereupon should likewise be reversed.

The district court held that the accelerated rentals as liquidated damages

---

1. Language of the lease applicable here to lessor's rights and measure of damages in event of default follows:

"16. Defaults of lessee.

\* \* \* \* \*

(b) In any such event [default] CPC at its option, may declare lessee in default and

(i) Declare due and payable without further notice as damages for breach and not as a penalty the entire amount of unpaid rentals for the System for the period ending on the first date as of which lessee could terminate this Agreement pursuant to Par. 4 hereof; and

(ii) Take possession of and remove the System, using such reasonable force as may be necessary, and for such purpose enter on the premises where the same is located without liability, whereupon all rights of lessee in the same shall terminate.

(iii) Declare due and payable such additional damages CPC may have suffered as a result of lessee's breach.

(c) In the event that CPC takes possession of the system pursuant to sub-section (b) (ii) of this Par. 16, CPC may sell or re-lease the system and the proceeds of any such sale or reletting shall be credited or refunded to the lessee to the extent of any amounts actually received by CPC attributable to the period between the date of consummation of such sale or effective date of such reletting and the first date as of which lessee could terminate this Agreement pursuant to Par. 4 hereof; provided, however, that such credit or refund shall not exceed the rental due from lessee during such period.

were not an unreasonable approximation of the lessor's actual damages and loss of bargain, and that collection of these should not be denied as against a claim of penalty.

■ In affirming an award of payment of agreed upon accelerated monthly charges, greater than the minimum service charges, upon breach of a contract to supply bottled gas for a period of three years, the New Jersey court said:

> "Parties to a contract may not fix a penalty for its breach. The settled rule in this state is that such contract is unlawful. Liquidated damages however are enforceable, and the intention of the parties will be carried out. The distinction between penalty and liquidated damages is to be tested by the reasonableness of the amount stipulated by the parties in the contract. If unconscionable, exorbitant or excessive under all the conditions and circumstances they are a penalty and not recoverable because the law limits recovery to indemnity from loss." Suburban Gas Company v. Mollica, 131 N.J.L. 61, 34 A.2d 892 (1943).

Since the rentals here agreed upon as liquidated damages were not unreasonable, exorbitant, or excessive, we are of opinion their payment satisfies the rule expressed in *Suburban Gas,* supra. The general rule in New Jersey in such cases is that ". . . the agreement of the parties will be effectuated." Wallis Iron Works v. Monmouth Park Association, 55 N.J.L. 132, 26 A. 140 (1893). "Their agreement will, however, be ascertained by considering, not only particular words in their contract, but the whole scope of their bargain, including the subject to which it relates." 26 A. 140, 143.

The district court, in its written opinion, undertook just the analysis required by *Wallis Iron Works* and concluded that the "sum fixed is a reasonable approximation of CPC's actual damages for the loss of its bargain." With this conclusion, we are unable to disagree. We note parenthetically that the market for re-rental of the used computer was non-existent, or at the very least very tenuous, thus bringing the case within the rule expressed in some New Jersey cases that liquidated damages agreed upon by contract may not be enforced unless actual damages are "uncertain in amount and not readily susceptible of proof." *Suburban Gas Company,* supra, 34 A.2d p. 893. See also Westmount Country Club v. Kameny, 82 N.J.Super. 200, 197 A.2d 379 (1964), esp. p. 383.

■ In its determination that no part of the resale price of the computer should be credited to the lessee as "attributable to the period" between the date of sale and end of the term, the district court largely based its opinion on the fact that the resale price was less than the end of term book value, and that the projected end of term market value based on current sale price would be less than end of term book value. While the use of book value as evidence of value in ascertainment of damages may frequently not be a proper standard, its use here we do not believe to be reversible error, especially in the absence of any showing of end of term market value.

■ A clause of the lease provided that upon default the lessor could "[d]eclare due and payable such additional damages CPC may have suffered as a result of lessee's breach." The district court construed this clause as allowing attorneys' fees to the plaintiff.

We do not agree. We are of opinion that the courts of New Jersey, if called upon, would not allow attorneys' fees under the recited clause, the key words of which are "such additional damages." Textileather Corp. v. American Mutual Liability Insurance Corp., 110 N.J.L. 483, 166 A. 214 (1933), is persuasive. In that case, an insurance policy required indemnity to the insured in different clauses for "liability imposed on him by law for damages on account of such injuries;" and for "all costs taxed against this employer in any legal proceeding." These clauses were construed not to include attorneys' fees. In *Textileather,* the New Jersey rule is stated that attorneys' fees are not allowable against a

party ". . . except . . . as bound by his contract or as the statutes of the state provide." 166 A. 214, 216. In Alexander's Department Stores v. Arnold Constable Corp., 105 N.J.Super. 14, 250 A.2d 792 (1969), the court denied attorneys' fees in a suit involving a lease which did not specifically provide for them. The court there said:

> "It is settled law that attorneys' fees are not cognizable as an item of damage in the same case in which they are incurred." 250 A.2d 792, 802.

To the same effect is Liebeskind v. Metal Framed Aquarium Company, 58 N.J. Super. 504, 156 A.2d 701 (1959).

We are not persuaded, then, that the phrase "such additional damages," in the absence in the lease of any reference to attorneys' fees, entitled plaintiff to recover them. In New Jersey, as above recited, attorneys' fees are not so cognizable as an item of damage.

The case will be remanded for entry of judgment for the plaintiff in an amount not to include attorneys' fees.

Affirmed in part, reversed in part, and remanded.