**HELLER FINANCIAL, INC., Plaintiff,**

v.

**Brian BURRY, et al., etc., Defendants.**

**No. 85 C 9988.**

United States District Court,
N.D. Illinois, E.D.

April 30, 1986.

Nathan H. Dardick, Ellen Barron Feldman, Dardick & Denlow, Chicago, Ill., for plaintiff.

None appeared for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Heller Financial, Inc. ("Heller") originally filed suit against Brian Burry ("Brian") and Joyce Burry ("Joyce"), both individually and doing business as Burry Enterprises ("Enterprises"), charging (1) Enterprises had failed to live up to its rental-payment obligations under several equipment leases and (2) Brian and Joyce were responsible under their personal guaranty agreements covering those leases. Federal jurisdiction was grounded in diversity of citizenship, Heller being a Delaware corporation with its principal place of business in Illinois and Brian and Joyce being California citizens.

On March 5, 1986 one of this Court's colleagues entered a default judgment order in Heller's favor and against Brian in the amount of $114,439.84, in addition to granting other relief at least arguably authorized under the equipment leases. As part of the judgment order tendered by Heller's counsel—but without setting forth any statement of reasons for the following express determination—the following provision was included:

> [T]he court expressly determine[s] that there is no just reason for delaying enforcement and expressly direct[s] the entry of this judgment against defendant Brian L. Burry, individually and d/b/a Burry Enterprises pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Because Joyce had then filed a pro se answer to Heller's Complaint, no default was entered against her. Instead Heller has had to move for summary judgment under Fed.R.Civ.P. ("Rule") 56. Joyce has not responded to that motion within the time set by this Court, so the entry of summary judgment is now appropriate for consideration.

Interestingly enough, Heller asks for a much lower judgment amount from Joyce than was entered against Brian. It currently seeks the sum of $89,401.17 plus attorneys' fees of $3,035.23, or a total of $92,436.40.[1]

In another very recent case brought by Heller that also led to a default judgment

---

1. From Heller's Complaint it appears that the default judgment against Brian included attorneys' fees of $17,000.

on a like equipment-lease claim, this Court had occasion to rule it had the power sua sponte to raise the issue whether the relief sought by Heller constituted a penalty rather than liquidated damages. Under the final boldface paragraph in the guaranty agreement on which Heller sues, Illinois law governs in all respects—"validity, interpretation, effect and in all other respects." And under Illinois law a trial court is wholly within its rights in *"sua sponte raising the enforceability of the liquidated damages clause, and secondly, in failing to award damages pursuant thereto."* M.I.G. Investments, Inc. v. Marsala, 92 Ill.App.3d 400, 405, 47 Ill.Dec. 265, 269, 414 N.E.2d 1381, 1385 (2d Dist.1981). That question is one of law for the court, not one of fact. *Id.* at 406, 47 Ill.Dec. at 270, 414 N.E.2d at 1386.

In that other case, Heller cited to *Litton Industries Credit Corp. v. Catanuto,* 175 Conn. 69, 394 A.2d 191 (1978), *Walter E. Heller & Co. v. B.C. & M., Inc.,* 543 S.W.2d 696 (Tex.Civ.App.1976) and *Computer Property Corp. v. Columbia Distributing Corp.,* 493 F.2d 953 (4th Cir. 1974) for the proposition that its lease agreements did call for liquidated damages rather than for a penalty. But at least as to such items of damage as the provision for acceleration of all future rentals without any discount to present value, this Court ruled in the prior case—and hereby rules—to the contrary.[2] *Lake River Corp. v. Carborundum Co.,* 769 F.2d 1284, 1290 (7th Cir.1985). Indeed, when this Court called *Lake River* to the attention of Heller's counsel, counsel was candid enough (in the best traditions of lawyering) to acknowledge that fact and to volunteer the calculation of an appropriate discount.

By the same token, the provisions of the equipment leases authorizing "reasonable attorneys' fees (not less than twenty percent (20%) of amount due)" perforce represent an unenforceable recovery where the amount in controversy is as large as in this case. Any floor on "reasonable" fees automatically geared in percentage terms to the amount of the delinquency smacks of unreasonableness from its very nature, and a figure as high as 20% exacerbates that likelihood.

Accordingly this Court is prepared to enter summary judgment in Heller's favor and against Joyce in an appropriate amount to be proved up by Heller—but not in the amount requested. For the same substantive reasons dealt with in this memorandum opinion, coupled with the fact the Rule 54(b) determination as to Brian did not conform to the preferred procedure established by cases in this Circuit,[3] this Court is of the view that relief for Brian from the amount of the judgment against him may well be appropriate—even sua sponte—under Rule 60(b). Heller's counsel is invited to respond on or before May 9, 1986 on that score.

---

**2.** That same ruling extends to any portion of the remedy authorized by the equipment leases in which the amount of recovery—viewed not from the perspective of hindsight alone, but in terms of the time of entry into the leases—would necessarily exceed Heller's actual damages.

**3.** See, e.g., *Bank of Lincolnwood v. Federal Leasing, Inc.,* 622 F.2d 944, 948 (7th Cir.1980); see also *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8, 10–11, 100 S.Ct. 1460, 1465, 1466–67, 64 L.Ed.2d 1 (1980) (Rule 54(b) determinations not to be made "routinely").