**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3589-22

KREYCO INC., d/b/a
LANGUAGE LEARNING
NETWORK,

     Plaintiff-Appellant,

v.

FRANKLIN TOWNSHIP
BOARD OF EDUCATION,

     Defendant-Respondent.

_____

Submitted May 7, 2024 – Decided July 16, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1541-23.

Melissa J. Hordichuk (Access to Justice Project), attorney for appellant.

Parker McCay, PA, attorneys for respondent (Alicia D'Anella and Emily Strawbridge, on the brief).

PER CURIAM

Plaintiff Kreyco Inc., d/b/a Language Learning Network (Kreyco) appeals from the Law Division's June 12, 2023 order granting defendant Franklin Township Board of Education's (Board) motion to dismiss the complaint. Kreyco brought this action for specific enforcement of certain provisions of a services agreement (Agreement) between the parties. In dismissing the complaint, the trial judge found Kreyco's claims "hinge[d] on the application of multiple provisions of the school laws,[1] and therefore at least the impact of those statutory provisions must be decided by the Commissioner [of Education (Commissioner)] before the court can take any action." The issue before us on appeal is whether the trial court or the Commissioner had jurisdiction to interpret and enforce the contractual provisions at issue. Because portions of the complaint implicated the interpretation of certain provisions of the school laws, we affirm in part; but because other claims were purely contractual in nature, we reverse and remand in part for further proceedings.

In July 2022, the Board issued a request for proposals (RFP) pursuant to N.J.S.A. 18A:18A-4.5, seeking synchronous world language instruction services for September 1, 2022 through June 30, 2023. The RFP's "Term of Contract"

_____

[1] N.J.S.A. 18A:1-1 to :76-4.

provision stated the Board "reserve[d] the right to terminate, at any time during the contract period, with a thirty[-]day notice."

Kreyco was awarded the contract and the parties entered into the Agreement, effective August 30, 2022, with an annual contract amount of $765,000. The Agreement was signed by the Board's purchasing manager, Ryan Ellis, the next day.

The termination clause in the Agreement provided, in pertinent part:

> 6.1 Termination: This Agreement may be terminated . . . by [Kreyco], at its sole option, in the event [the Board]: (i) fails to pay an [i]nvoice within the time herein prescribed; or (ii) fails to cure a breach of any term of this Agreement to [Kreyco]'s satisfaction within thirty (30) days of [the Board]'s receipt of a [s]uspension [n]otice.

Although the RFP did not reference an acceleration clause, the Agreement contained one, which provided in pertinent part:

> 6.2 Acceleration: In the event . . . [Kreyco] terminates this Agreement as a result of [the Board]'s late payment or uncured breach, . . . [the Board] shall be responsible for all future monthly installments required in Attachment A of this Agreement, in addition to any and all past due [i]nvoices for [s]ervices rendered, and any fees, costs, and expenses payable to [Kreyco] pursuant to the terms herein, which shall be due and payable to [Kreyco] within thirty (30) calendar days of [the Board]'s termination. In the event . . . [Kreyco] terminates as a result of [the Board]'s late payment or breach . . . [the Board] shall forego any financial credit

A-3589-22

that may have otherwise been payable by [Kreyco] at the end of the [t]erm, pursuant to the terms herein.

The implementation of the Agreement did not go smoothly. The start date of Kreyco's instruction was delayed because the Board did not permit timely access to the online platform necessary to conduct the virtual classrooms. In addition to other disagreements, the parties disputed which entity was responsible for enrolling Kreyco's instructors in the State's Provisional Teachers Program (PTP). See N.J.S.A. 18A:26-2(a).

In November 2022, Kreyco advised the Board that one of the instructors was "consistently dealing with unruly, verbally abusive, and out-of-control students in all sections of her Spanish class" and, despite her repeated requests for the Board's support in controlling the classroom with on-site staff, the Board failed to respond in breach of several provisions of the Agreement. The Board disputed Kreyco's characterization of the students as "out-of-control" and although the parties exchanged correspondence about the issue, they were unable to resolve it to Kreyco's satisfaction. Pursuant to the terms of the Agreement, Kreyco issued a notice of suspension advising it would suspend its services on December 9, 2022 unless this and other breaches were cured.

The parties continued their attempts to work out their myriad issues until December 30, 2022, at which time Kreyco notified the Board it was terminating

the Agreement for failure to cure the breach within thirty days. Kreyco also advised the Board it was enforcing the acceleration clause of the Agreement, which required the Board to pay a past due balance and future monthly installments totaling $478,125, within thirty days.

When the Board did not remit payment, Kreyco filed a complaint on March 23, 2023. Count one of the complaint alleged breach of contract based on the Board's "failing to accommodate [Kreyco]'s repeated requests for intervention and support in an unruly and verbally abusive classroom," failing to pay an invoice within forty-five days of receipt, failing to respond promptly to Kreyco's requests, preventing Kreyco's instructors from performing services by not restoring online access, refusing to enroll a Kreyco staff member into the PTP, failing to provide a non-hostile work environment, failing to protect Kreyco and its employees from verbal harassment, and failing to correct verbal abuse or harassment by students within a reasonable amount of time.

Count two of the complaint alleged the Board breached the covenant of good faith and fair dealing by attempting to use duress to intimidate Kreyco into amending the executed Agreement for a lower rate, and by harassing and retaliating against Kreyco for refusing to amend the Agreement. The complaint

sought damages for the past due balance and future monthly installments totaling $478,125 plus interest and attorneys' fees.

On May 8, 2023, the Board filed a motion to dismiss pursuant to Rule 4:6-2(a) and (e), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. The Board argued Kreyco's claims under the acceleration clause were barred as a matter of law pursuant to N.J.S.A. 18A:19-3 because they sought damages for services that were not performed. The Board also argued the Law Division lacked subject matter jurisdiction, contending Kreyco should have brought their claims before the Commissioner pursuant to N.J.S.A. 18A:6-9 before filing a complaint. The Board also argued the Agreement was ultra vires because the purchasing manager who executed the Agreement on behalf of the Board did not have authority to consent to the acceleration clause.

On June 12, 2023, Judge Mary F. Thurber issued an order granting defendant's motion to dismiss. In her accompanying written opinion, the judge cited Archway Programs, Inc. v. Pemberton Twp. Bd. of Educ., 352 N.J. Super. 420, 430-31 (App. Div. 2002), in which we determined the Commissioner was required to resolve issues related to the parties' breach and setoff claims before the court could determine the breach of contract issues.

6

Judge Thurber first addressed subject matter jurisdiction by evaluating Kreyco's claims "to determine if they require[d] interpretation and application of the school laws." She found "the issue of whether N.J.S.A. 18A:19-3 prohibits [the Agreement's] acceleration clause is a matter to be decided first by the Commissioner . . . ." She also agreed with the Board "that the issues related to instructional activities, classroom control, and instructor qualifications are matters to be decided first by the Commissioner . . . ." Finally, the judge rejected Kreyco's argument that the Agreement's forum selection clause established jurisdiction. Citing Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 65 (1978), she found "[a] court cannot hear a case as to which it lacks subject matter jurisdiction, and jurisdiction cannot be vested in the court by the parties' agreement."

This appeal follows, in which Kreyco raises the following issues for our consideration:[2]

---

[2] We reject the Board's assertion the trial court's order was interlocutory and therefore not ripe for appeal. Pursuant to Rule 2:2-3(b), "[f]inal judgments of a court, for appeal purposes, are judgments that finally resolve all issues as to all parties." The court's dismissal of the complaint resolved all issues of the parties, and was without prejudice only to the extent any issues remained unresolved after the Commissioner's decision.

POINT I

THE TRIAL COURT ERRED BY FAILING TO
ENFORCE THE FORUM SELECTION CLAUSE
BASED UPON ITS MISCONCEPTION AND
MISAPPLICATION OF N.J.S.A. []18A:6-9 AND THE
PRIMARY JURISDICTION DOCTRINE.

POINT II

THE TRIAL COURT ERRED IN GRANTING
DEFENDANT'S MOTION TO DISMISS BECAUSE
PLAINTIFF'S BREACH OF CONTRACT CLAIMS
DO NOT ARISE UNDER THE SCHOOL LAWS.

    A. N.J.S.A. []18A:19-3 is Irrelevant Because
       Title 18A Permits Liquidated Damages, and
       Plaintiff has Clearly Articulated a Claim for
       Services Previously Rendered.

    B. N.J.S.A. []18A:11-1 is Irrelevant Because it
       Does Not Expressly Prohibit a Purchasing
       Agent from Executing a Contract on the
       Board's Behalf.

    C. The Trial Court Failed to Cite the Additional
       "Specific Education Laws" that are Allegedly
       Implicated by Plaintiff's Breach of Contract
       Claims.

POINT III

THE TRIAL COURT ERRED IN GRANTING
DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM BECAUSE THE
COURT'S ANALYSIS RELIED EXCLUSIVELY ON
SUBJECT MATTER JURISDICTION.

We review de novo a trial court's order granting a motion to dismiss pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine 'the adequacy of a pleading' is 'whether a cause of action is "suggested" by the facts.'" Doe v. Estate of C.V.O., 477 N.J. Super. 42, 54 (App. Div. 2023) (quoting MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020) (internal quotation marks and citation omitted)).

Reviewing courts "assume that the allegations in the pleadings are true and afford the pleading party all reasonable inferences." Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). At this early stage of litigation, a court is not concerned with a pleading party's ability to prove its allegations. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). Instead, it examines "'the legal sufficiency of the facts alleged on the face of the complaint,' limiting its review to 'the pleadings themselves.'" Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019) (first quoting Printing Mart-Morristown, 116 N.J. at 746; and then quoting Roa v. Roa, 200 N.J. 555, 562 (2010)).

Because the determination of whether subject matter jurisdiction exists is a legal question, it is also reviewed de novo. AmeriCare Emergency Med. Serv., Inc. v. City of Orange Twp., 463 N.J. 562, 570 (App. Div. 2020) (citing Santiago v. N.Y. & N.J. Port Auth., 429 N.J. Super. 150, 156 (App. Div. 2012)).

Turning to the education issues raised in this appeal, the school laws empower school boards to operate public schools for their respective districts. The Commissioner is "[t]he chief executive and administrative officer of the department," who has "general charge and supervision of the work of the department," N.J.S.A. 18A:4-22(a), and has "jurisdiction to hear and determine . . . all controversies and disputes arising under the school laws," with certain exceptions not relevant here. N.J.S.A. 18A:6-9.

A court owes "institutional respect . . . for the Commissioner's first-instance jurisdiction 'to hear and determine . . . all controversies and disputes arising under the school laws[.]'" Archway Programs, Inc., 352 N.J. Super. at 424 (second and third alterations in original) (quoting N.J.S.A. 18A:6-9). This authority is plenary. Ibid. (citing Abbott v. Burke, 100 N.J. 269, 301 (1985)). Thus, "the Commissioner of Education has primary jurisdiction to hear and determine all controversies arising under the school laws." Bower v. Bd. of Educ. of E. Orange, 149 N.J. 416, 420 (1997) (citing N.J.S.A. 18A:6-9).

Although the breadth of this authority is expansive, it is not without limitation. We recognize "the sweep of the Department's interest and the Commissioner's jurisdiction does not extend to all matters involving boards of education," and contract claims are "typically and appropriately adjudicated in the courts." Archway Programs, Inc., 352 N.J. Super. at 424-25 (citations omitted). Here, Kreyco's breach of contract claims seek damages under the Agreement's acceleration clause, but the validity and enforceability of this clause implicates an interpretation of certain school law provisions.

With regard to this issue, the Board cites N.J.S.A. 18A:19-3, which requires a claim or demand that equals or exceeds fifteen percent of the bid threshold amount to be certified that the services have been rendered. The Board argues this statute prohibits a school district from paying for services that have not been rendered, which is the relief sought by Kreyco under the acceleration clause. The Board claims this statute renders the acceleration clause null and void and precludes Kreyco's claims under that clause.

Kreyco counters by citing N.J.S.A. 18A:18A-41, which expressly permits liquidated damages in school contracts. This provision also declares it "void, unenforceable and against public policy for a provision in a contract . . . to limit a contractor's remedy for the contracting unit's negligence, bad faith, active

interference, tortious conduct, or other reasons uncontemplated by the parties that delay the contractor's performance, to giving the contractor an extension of time for performance under the contract." While the damages sought here are not liquidated damages,[3] Kreyco nevertheless argues it is entitled to the accelerated damages. As presented by the parties, the tension in these two statutory provisions underscores the need for the Commissioner's expertise to determine whether the school laws permit or preclude the accelerated damages relief sought by Kreyco.

The Board also contends the purchasing agent did not have the authority to bind the Board to the acceleration clause, but we are unconvinced this issue is to be determined by the Commissioner. The Board points to N.J.S.A. 18A:18A-3 and -5, both of which concern contracts entered into without public advertising, which is not the case here. Because the Board has not identified a provision of the school laws that governs or impacts this issue, it remains one to be decided by the trial court. See Newark Teachers Union v. Bd. of Ed., 149

---

[3] "Liquidated damages is the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable as agreed damages if the breach occurs." Westmount Country Club v. Kameny, 82 N.J. Super. 200, 205 (1964) (citing McCormick, Damages, § 146, pp. 599-600).

N.J. Super. 367, 372 (App. Div. 1977) ("The determination of whether any controversy falls within the jurisdiction of the Commissioner . . . is not a matter to be decided by the Commissioner.") (citing Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 31 (1973)).

We are also unpersuaded by the Board's contention the Commissioner must decide Kreyco's claims regarding student discipline and teacher certification. While Kreyco's reasons for terminating the contract include the Board's failure to address classroom behavior and refusing to enroll a Kreyco staff member into the PTP, the Board has not identified any provision of the school laws that creates an issue, nor any issue, requiring the Commissioner's determination in order to resolve those claims. Likewise, Kreyco's claim for unpaid invoices does not implicate the school laws and therefore should also be decided by the trial court.

While we agree with the judge's decision that the Commissioner should decide the issue of statutory interpretation, we part ways with her dismissal of the complaint. We understand her decision to dismiss the case was to further the laudable goal of "avoid[ing] piecemeal adjudication or duplicative, anomalous or contradictory results." Archway Programs, Inc., 352 N.J. Super. at 240. However, other than the relief sought under the acceleration clause, the

13

claims plead in Kreyco's complaint were properly raised in the Law Division and should not have been dismissed.  Accordingly, we reverse the order dismissing the complaint and remand the matter for reinstatement of the complaint.  On remand, the court should enter an appropriate order referring the statutory issues to the Commissioner and staying the remainder of the proceedings pending the Commissioner's decision.

Affirmed in part, reversed and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3589-22