FANNIE KLEIN, RESPONDENT, v. ADOLPH SHRYER, IMPLEADED, ETC., APPELLANT.

Submitted October 25, 1929—Decided May 19, 1930.

For the appellant, *Frank G. Turner.*

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

PARKER, J. The plaintiff while crossing on foot a public road from its west to its east side, was struck by a motor car coming from the north and driven by the defendant Bloom, and according to the testimony in her behalf, and as the jury were entitled to find, was thrown by the collision into the path of a car driven by the defendant-appellant Shryer, which latter car, by his negligence as claimed, was driven over her prostrate body, breaking both legs. Plaintiff instituted a suit charging Bloom and Shryer as joint tort feasors but at the trial amendments were ordered to be made without objection, the effect of which was to charge Bloom with his alleged negligence in one suit, and Shryer with his alleged negligence in another; and the trial proceeded as on a consolidation of the two suits for that purpose. There was a verdict and judgment against Bloom, which he has paid and satisfied. There was a verdict for $3,500 damages against Shryer who obtained a rule to show cause reserving all exceptions, and assigning seven reasons, among which are: 3, that the verdict was against the weight of evidence; 4, that there was no evidence to support a finding of negligence as against Shryer; 5, that there was no evidence from which the jury could find what, if any, injuries had been sustained by the plaintiff because of the alleged negligence of Shryer. The Supreme Court seems to have considered all the seven reasons, and discharged the rule. 7 *N. J. Mis. R.* 415. We

mention these details for the reason that out of the nine grounds of appeal, No. 2 is that the court refused to nonsuit because no *prima facie* case had been made, and Nos. 3, 4 and 5 are that the court refused to direct a verdict for defendant (a) because no negligence had been shown; (b) because of contributory negligence; and (c) because there was no proof of any injury caused by Shryer's automobile; and for the further reason that the rule is well settled that a reason assigned for a new trial that the verdict is contrary to the weight of evidence, which reason was argued, considered and decided on the return of the rule, is necessarily embraced within exceptions to the refusal to nonsuit and to direct a verdict on the ground that there was no evidence of defendant's negligence and that contributory negligence of the plaintiff conclusively appeared, which were reserved in the rule, and therefore such exceptions cannot be considered on appeal. *Boniewsky* v. *Polish Home,* 103 *N. J. L.* 323; *Catterall* v. *Otis Elevator Co., Ibid.* 381; *Noonan* v. *Great Atlantic and Pacific Tea Co.,* 104 *Id.* 136, 139; *Cleaves* v. *Yeskel,* 104 *Id.* 497; *Overend* v. *Kiernan,* 105 *N. J. L.* 112. These grounds are therefore futile.

The remaining grounds are Nos. 1, 6, 7, 8 and 9. No. 8 merely charges general error and so means nothing. No. 9 is that there was no legal evidence to support the judgment, and such a reason points to no judicial action to be reviewed. No. 6 is that the court refused to nonsuit on the opening. There is no argument on this phase of the case, and therefore it requires no consideration, although even if the opening failed to outline a proper case and there was error in not nonsuiting at that juncture, as was done in *Carey* v. *Gray,* 98 *N. J. L.* 217, yet if the trial then proceeded and in the course of it evidence supporting the case was given, the rule relating to refusal of a nonsuit when plaintiff rests, as laid down in such cases as *Dennery* v. *Great Atlantic and Pacific Tea Co.,* 82 *Id.* 517; *Van Ness* v. *North Jersey, &c., Co.,* 77 *Id.* 551; *Farnsworth* v. *Miller,* 60 *Atl. Rep.* 1100; *affirmed,* 74 *N. J. L.* 599; *Lewis* v. *National Cash Register Co.,* 84 *Id.* 598, might well apply by analogy.

Ground 7 is as follows: "The trial court erroneously charged the jury that if Mr. Bloom was negligent he would be liable only for those damages which were the proximate result of his negligence." The language of the court is not quoted; we are not referred to any page of the charge on which it is claimed to appear, and on a reading of the charge we do not find any passage which ground 7 seems to indicate. However, it is unnecessary to go further in the matter, because the point is unavailable under the rule laid down in our cases, that the language must be reproduced. *State* v. *Blaine,* 104 *N. J. L.* 325; *Chapin* v. *Kreps, ante, p.* 424.

Finally, point 1 raises the first ground of appeal—that the trial judge refused to charge as follows: "Unless you can decide from the evidence what particular injury, if any, was caused by Mr. Shryer's car, you must give a verdict of no cause of action as to him. The plaintiff cannot recover from Mr. Shryer unless she has shown what particular injury his car did to her."

As we read this request, it requires the jury to find for the defendant, Shryer, even if they should conclude that Shryer negligently ran his car over her as she was lying in the road helpless, unless they could particularize as to the damage inflicted by so doing. Such is not the law. Even if no damage at all is proved, nominal damages can be recovered. *Lance* v. *Apgar,* 60 *N. J. L.* 447; *Bruch* v. *Carter,* 32 *Id.* 554. Hence it is unnecessary to consider whether the rule in *Jenkins* v. *Pennsylvania Railroad Co.,* 67 *Id.* 331, should be applied, that where the jury cannot apportion the damage precisely as between two concurring causes, they may make the best estimate they can from the evidence.

This disposes of all the grounds of appeal assigned. The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.