JACOB MAX, PLAINTIFF-APPELLANT, v. HENRY SCHLENGER AND HERMAN SCHLENGER, JR., DEFENDANTS-RESPONDENTS.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-appellant *Benjamin M. Weinberg*.

For the defendants-respondents, *Kraemer, Siegler & Siegler (Joseph Kraemer,* of counsel).

The opinion of the court was delivered by

CASE, J. This is an appeal by the plaintiff from a judgment of nonsuit rendered by Judge Smith in the Essex County Circuit Court in an action on a written undertaking by the defendants to guaranty the payment of certain promissory notes, and renewals thereof, upon which plaintiff was an endorser.

Louis Schlenger was the brother of defendants and the son-in-law of the plaintiff. He conducted a business under the trade name of Central Auto Supply Company and was in financial difficulties. He owed the defendants money, and the defendants threatened action. To meet this obligation Louis Schlenger made three promissory notes in the respective amounts of $2,500 each, all dated November 12th, 1925, and maturing in one month, two months and three months, respectively. The notes were payable to the order of the Perth Amboy National Bank, were signed "Central Auto Supply Company, Louis Schlenger," and were endorsed "Central Auto Supply Co., Louis Schlenger, Jacob Max." Jacob Max, simultaneously with placing his endorsement, received a writing from the defendants signed by them and reading as follows: "We hereby guarantee payments for notes aggregating to the sum of $7,500 and subsequent notes which will be renewed which is to be discounted by Louis Schlenger,

trading as Central Auto Supply Co., of Perth Amboy, N. J., due at the Perth Amboy National Bank and endorsed by Jacob Max." It is not contended that the obligation thus assumed by the defendants ran to the advantage of the bank or of anyone other than Max. As we interpret the informal instrument it was a guaranty to Jacob Max that Louis Schlenger, the maker of and first endorser on certain designated promissory notes, would pay those notes or renewals thereof. The notes became due, partial payments were made and renewals were given for the unpaid balance. This practice continued for some time. At an unfixed date the Louis Schlenger business was incorporated and ownership of the stock became lodged chiefly in Louis Schlenger and one Louis Bodenstein. Thereafter, when the notes became due, the obligations at the bank were met by notes of the corporation, endorsed by the corporation and by Jacob Max, Louis Schlenger and Louis Bodenstein, in that order. There came a time when the bank sued on the corporation notes and took judgment against the last named parties. Max paid the judgment and then sued the defendants on their agreement.

The court held that the notes upon which judgment was taken, for the payment of which Max sued, were not the notes that the defendants had guaranteed the payment of; that not only was the maker of the notes sued upon a corporation, whereas the earlier notes had been signed by an individual, but the order of endorsements was such that on the earlier notes the defendants, if they should pay Max, would have recourse against Louis Schlenger, but under the notes on which judgment was taken could not have recourse against Schlenger because his name as endorser appeared after that of Max; that consequently the giving of the notes sued upon broke the continuity and was neither an extension or prolongation of the original transaction nor a renewal of the old obligations. It seems to us that the judgment of nonsuit was the correct disposition of the case.

Appellant's argument is that the agreement of guaranty

is comprehensive of the corporation notes because these were given to take up the earlier defaulted notes; that the corporation notes were not in payment of, but were merely an extension of the time for the payment of, the personal obligations. This argument would have force if the plaintiff had been sued on the original notes; but he was sued on the corporation notes, upon which he was the first endorser, and the judgment lies thereon. Should the defendants reimburse plaintiff his loss, and be subrogated to his rights, they would, as was stated by the Circuit Court, be without recourse against Louis Schlenger, because the latter, far from being the maker, as he was with respect to the original notes, is now only an endorser subsequent to Max. Thus the liability sought to be imposed upon the defendants is other than and greater than that anticipated by their agreement. The scope of a guarantor's undertaking having been determined, the rule of *strictissimi juris* applies to the measurement of liability thereunder. *Lyon* v. *Plum, 75 N. J. L.* 883. Appellant's citation of statute and decisions in support of the proposition that the order of endorsements is not necessarily the order of liability if the endorsers have, among themselves, agreed otherwise, is pointless inasmuch as no such agreement is shown.

Judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.