HASBROUCK HEIGHTS HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ALEXANDER A. S. STUART, DEFENDANT-RESPONDENT.

Submitted October term, 1932—Decided June 21, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Archie Elkins.*

For the respondent, *Joseph H. Gaudielle* and *James A. Major.*

PER CURIAM.

The instant case presents an appeal from a judgment rendered in favor of the defendant and against the plaintiff on these facts.

Plaintiff was the holder and payee of a promissory note made by the defendant on April 13th, 1932, payable seven days after date, in the sum of $500, at the Ridgefield National Bank at Ridgefield, New Jersey. The note was presented on the due date, not paid, and protested, hence this suit. Defendant says that he received no consideration for the note and manifestly he did not because the witness, "president, secretary and superintendent of the Hasbrouck Heights Hospital," Harris Cohan, admitted the maker of the note received no consideration therefor.

The court, sitting without a jury, found a verdict in favor of the defendant.

The plaintiff below (appellant here) appeals to this court on several grounds. First, that there was an absence of proof of want of consideration. The defendant denied receipt of any consideration. Dr. Cohan, for the plaintiff, admits defendant received no consideration and the determination of the court, sitting also as a jury, that there was in fact no consideration, there being ample evidence to sustain that finding, will not be disturbed on appeal.

The second ground is that there was no proof that respondent here was an accommodation maker. In answer to this we find from the record that the respondent himself testified that he signed the note as an accommodation maker and that evidence is sufficient to sustain the court's finding and will not be reviewed in this tribunal.

The appellant also complains that it was not permitted to cross-examine the witness, Williams, cashier of the Ridgefield bank, who appeared at the trial. This point also is unavailing to the appellant. This witness testified that no money was advanced on the note; that it was left at the bank for collection and, on cross-examination, counsel for the appellant sought to go far afield from the issue of this case which the court refused to allow, and properly so. The intended cross-examination was not a matter that had been brought out on the direct examination. The court refused to permit it, no exception was taken to the ruling, and this as a ground for appeal will not be considered.

The fourth point made by the appellant is that the court's decision was erroneous in law. No reason is advanced for this challenge to the court's findings and it will not be considered here. *Klein* v. *Shryer,* 106 *N. J. L.* 433; 150 *Atl. Rep.* 321; *Booth* v. *Keegan,* 108 *N. J. L.* 538.

Under the next point the appellant argues that there was consideration passing to the defendant for the making of this note. As has been pointed out, this was denied by the maker of the note, while the payee of the note, through its officers, admitted that the maker got nothing of value for the note itself. Appellant urges that Dr. Stuart, the maker of the note, was interested in the hospital project. Contrarywise, Dr. Stuart says he was not. Therefore, the fact issue was for the jury, or, in this instance there being no jury, the court, and that issue having been determined adversely to the appellant and there being evidence to sustain it, it cannot be disturbed here. We might point out that under this last point the appellant attempts to shift positions to make the plaintiff out to be a holder in due course. Manifestly, from the facts found in the record the appellant was not a holder in due course and the appellant having tried this case in consonance with its manifest position as payee cannot now shift its position in an endeavor to make itself out as a holder in due course. *Building Supply Company of Englewood* v. *Greenberg,* 107 *N. J. L.* 361; 153 *Atl. Rep.* 581.

The judgment under review is affirmed, with costs.