W. R. O'BRIEN, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLEE, v. VEHICLE UNDERWRITING AGENCY CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided November 16, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellee, *Harold J. Cavanaugh* (*James F. X. O'Brien,* of counsel).

For the defendant-appellant, *Gechtman & Beirne* (*William Fogel,* of counsel).

PER CURIAM.

The plaintiff below was awarded a verdict by the trial judge, who sat without a jury, in the Essex County Circuit Court. Judgment was entered in its favor and defendant appeals.

The case arises out of an oral agreement made between the plaintiff, an insurance broker, and the defendant, insurance agency, wherein it was agreed that the defendant corporation would allow a fifteen per cent. commission on any and all bus or taxicab insurance business underwritten by the defendant through the plaintiff, the further agreement being that the plaintiff was free to place any or all bus or taxicab. insurance business with any other insurance company where lower rates might be obtained than those offered by the defendant corporation.

The complaint alleges that between the months of April and August, 1933, the plaintiff and the defendant carried on this arrangement, many policies of insurance having been written, but that in August, 1933, the defendant insisted that the plaintiff corporation send its entire bus and taxicab insurance business to the defendant company, informing the plaintiff that it would cancel all the policies of plaintiff's customers unless this was done. The complaint further alleges that the plaintiff refused to accede to this demand and that the defendant thereupon, and without just cause, canceled all policies written by the plaintiff corportaion with the defendant corporation and sent out representatives of its own to canvass this business and succeeded in getting a sub-

stantial part thereof which the defendant corporation proceeded to rewrite through its own agents and employes. The answer of the defendant denied all these allegations and counter-claimed for some unpaid premiums and also for two unpaid checks.

The trial court in the main found that the allegations of the complaint were supported by the evidence, allowed the defendant certain credits, dismissed the counter-claim, and gave judgment for the plaintiff.

The defendant sets out seventeen grounds for reversal which are argued under seven headings. The first is that the trial court erred in denying defendant's motion for nonsuit. It is apparent that this is essentially a fact case. The defendant's argument is that in each of the policies there was a cancellation clause and that the defendant was entitled to cancel the policies. Obviously this is true but here the cancellation is made the ground of complaint and it was contended and proved that the policies were canceled and for the purpose of rewriting the insurance without paying a commission to the plaintiff, and since there was evidence to support that charge and the court, sitting without a jury, believed it, it was proper to deny the motion for nonsuit.

The other argument made under this point is that there should have been a nonsuit because defendant should not be compelled to pay commissions on policies where no premiums were received. As to this, there is evidence, which the court believed, that checks for such premiums were tendered and refused, and the court found that all of this apparently was in line with the defendant's plan to deprive the plaintiff of the benefit of its contract.

The second point is that a verdict should have been directed in favor of the defendant. There is no merit whatever in this contention. These cancellations were not effected in good faith, as the court found, hence the commissions were due.

The third point is that the court committed error in awarding judgment to the plaintiff on the theory that the plaintiff was a broker. The argument made is that the plaintiff was either a broker or an agent. The court found the

plaintiff not to be an agent of the defendant. Therefore, plaintiff was the broker. The status ascribed by the court to the plaintiff is immaterial in view of the fact that no matter what the status of the plaintiff, the court found as a fact that the parties had agreed that all business insurance of this character, obtained by the plaintiff and placed with the defendant, was subject to the commission arrangement whereby plaintiff was to receive fifteen per cent. of the premium.

The fourth and fifth points present nothing for us to review. The questions there raised should have been presented on rule to show cause. The statement that the trial court abused its discretion has no foundation.

The next point argued is that the trial court erred in sustaining objections to questions propounded to a defense witness. The questions asked had for their object the proving of the custom. The questions were properly excluded. The authorities upon which the appellant relies have no application here. It is permissible to prove custom where a contract is ambiguous. Here there was no ambiguity.

The last point made is that the judgment of the trial court opens the door to fraud. A ground of appeal must challenge the action of the trial court. This point does not do so. It does not charge judicial error. *Klein* v. *Shryer,* 106 *N. J. L.* 432; 150 *Atl. Rep.* 321; *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402.

The judgment is affirmed, with costs.