253 N.J. Super. 566 (1992)
602 A.2d 759
CHARLES T. VAN ES AND LYNN K. VAN ES, PLAINTIFFS-APPELLANTS,
v.
HONEYLEAF PROPERTIES, INC. AND K.G. HUNNEWELL, JR., INDIVIDUALLY, JOINTLY AND/OR SEVERALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1992.
Decided February 4, 1992.
*567 Before Judges PRESSLER, SHEBELL and SKILLMAN.
Robert M. Mayerovic argued the cause for appellants.
Thomas A. Buonocore argued the cause for respondents (Bergamo, Buonocore & Trevisan, attorneys; Thomas A. Buonocore, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
On or about August 26, 1989, plaintiffs entered into a contract of sale with defendant Honeyleaf Properties, Inc. (Honeyleaf) to purchase a one-family home for $375,000. As required by the contract, plaintiffs paid Honeyleaf a deposit of $56,250, representing 15% of the purchase price. The contract also contains a liquidated damages clause, which states:
It is agreed between Seller and Buyer that due to the difficulty in establishing the damages which may result from a breach by Buyer of the terms of this Contract, the Seller may elect to consider the deposit paid on the Contract by the Buyer as liquidated damages for the breach of this Contract by the Buyer.
On or about February 28, 1990, plaintiffs' counsel advised Honeyleaf that plaintiffs would be unable to proceed with the closing due to the illness of plaintiff Lynn K. Van Es. However, Honeyleaf refused to permit cancellation of the contract. *568 Plaintiffs then instituted this action seeking the return of their $56,250 deposit. Honeyleaf counterclaimed, alleging that plaintiffs had breached the contract and seeking compensatory damages.
Defendant filed a motion for summary judgment seeking dismissal of plaintiffs' complaint and judgment on its counterclaim. Plaintiffs' answering papers did not deny that they had breached the contract but asserted through their attorney's certification that "there must be some reasonable nexus between the deposit, $56,250, and the Defendant's demand that Plaintiff be required to forfeit said deposit." The attorney's certification also noted that he had served interrogatories which Honeyleaf failed to answer and that plaintiffs intended to take depositions after receiving answers to their interrogatories.
The trial court ruled that plaintiffs' breach of the contract of sale resulted in a forfeiture of their deposit and therefore entered summary judgment in favor of Honeyleaf.
Subsequent to the entry of summary judgment, the Supreme Court held in Kutzin v. Pirnie, 124 N.J. 500, 591 A.2d 932 (1991), that a purchaser of real property who breaches the contract of sale does not automatically forfeit his entire deposit but rather may recover whatever portion of deposit exceeds the seller's actual damages. Although Kutzin involved a contract of sale which contained no liquidated damages clause, the Court noted that "[h]ad the contract contained a liquidated-damages clause, this case would have been governed by section 374(2) of the Restatement (Second) of Contracts." 124 N.J. at 517, 591 A.2d 932. Section 374(2) states:
To the extent that, under the manifested assent of the parties, a party's performance is to be retained in the case of breach, that party is not entitled to restitution if the value of the performance as liquidated damages is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. [Restatement (Second) of Contracts § 374(2) (1979)].
See also id. § 356(1).
We are satisfied that under the test set forth in section 374(2) of the Restatement, which the Supreme Court seemingly *569 adopted by the dictum in Kutzin, the trial court erred by granting summary judgment in favor of Honeyleaf prior to the completion of all discovery. Plaintiffs should be afforded the opportunity to determine whether Honeyleaf resold the subject property and, if so, the purchase price and date of sale. And if the property was not resold within a short time after the breach, plaintiffs should be allowed to determine what efforts Honeyleaf made to market the property. Plaintiffs also should be given the opportunity to determine how the 15% liquidated damages amount was established and whether at the time of the execution of the contract this sum represented a reasonable forecast of damages in the event of a breach.
Accordingly, we reverse the order granting summary judgment and remand for further proceedings in conformity with this opinion.