686 A.2d 382

MICHAEL NOHE AND JANN NOHE, PLAINTIFFS–RESPONDENTS, v. ROBLYN DEVELOPMENT CORP., MERRICK B. WILSON AND SUSAN B. WILSON, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued December 10, 1996—Decided January 2, 1997.

Before Judges MICHELS, KLEINER and COBURN.

*Martin K. Indik* argued the cause for appellants (*Indik and McNamara,* attorneys; *Mr. Indik* and *Carl Dallarda,* on the brief).

*Jeffrey L. Shanaberger* argued the cause for respondents (*Hill Wallack,* attorneys; *Mr. Shanaberger,* on the brief).

The opinion of the court was delivered by

COBURN, J.S.C. (Temporarily Assigned).

This is an action on a contract for the sale of residential property between a corporate developer and consumers. The contract included a liquidated damages clause which, if enforceable, would permit the seller to retain a deposit of $79,027.40. The matter was decided below in favor of plaintiffs on a motion for

summary judgment. The Wilson defendants had guaranteed the corporate obligation respecting return of the deposit. Defendants appeal.

Plaintiffs, asking us, as they did the court below, to assume that they breached the agreement, seek return of their deposit on the ground that the seller suffered no damages. Defendants ask us, as they did the court below, to assume no damages flowed from the breach and to, nonetheless, permit retention of the deposit as liquidated damages because the amount stipulated in the contract was a reasonable estimate of damages likely to result from a breach by the buyers. In other words, defendants contend that the lack of actual damages is irrelevant. We cannot accept defendants' position. Consequently, for the reasons stated below, we affirm this aspect of the summary judgment in plaintiffs' favor. The judgment also contains an award of counsel fees against defendants which cannot stand on the record below.

I

On January 25, 1992, the parties signed a contract for the sale of realty and the construction of a house with a purchase price of $651,488.70. The deposit (representing ten percent of the purchase and fifty percent of the extras) was $79,027.40. Although plaintiffs' complaint contends defendants breached the agreement by failing to complete construction in a timely fashion, for purposes of the motion for summary judgment and this appeal they concede the breach was their doing.

On November 19, 1993, the corporate developer contracted to sell the house to another couple for $840,000, with a deposit of $10,000, the balance to be paid at closing of title, which occurred in due time at a final price of $845,484. Thus, the resale price exceeded the plaintiffs' contract price by $193,995.30. The motion judge, after painstakingly reviewing the developers alleged additional costs, found that no loss accrued to defendants; and the defendants ask us to assume they lost nothing for purposes of this appeal.

## II

In *Kutzin v. Pirnie*, 124 *N.J.* 500, 591 *A.*2d 932 (1991), the Court held that absent a liquidated damages clause in a contract for the sale of real estate, a purchaser in breach was entitled to the return of that portion of the deposit which exceeded the seller's actual loss. *Id.* at 511–17, 591 *A.*2d 932. The Court went on to say:

> To ensure that our opinion not be misread, we emphasize that the contract at issue does not contain a forfeiture or liquidated damages clause; it merely states, "If this contract is voided by either party, the escrow monies shall be disbursed pursuant to the written direction of both parties." The contract is otherwise silent on the subject of what would happen to the deposit were the sale not to occur. Had the contract contained a liquidated damages clause, this case would have been governed by section 374(2) of the *Restatement (Second) of Contracts*, which states:
>
>> To the extent that, under the manifested assent of the parties, a party's performance is to be retained in the case of breach, that party is not entitled to restitution if the value of the performance as liquidated damages is reasonable in the light of the anticipated loss caused by the breach and the difficulties of proof of loss.
>
> Although we do not consider the validity or enforceability of a liquidated damages clause in this case, we are reminded of Professor Corbin's warning: "Penalties and forfeitures are not favored; and calling an outrageous penalty by the more kindly name of liquidated damages does not absolve it from its sin." *Defaulting Vendee, supra,* 40 *Yale L.J.* at 1016; *cf. Central Steel Drum Co. v. Gold Cooperage, Inc. supra,* 200 *N.J.Super.* 251, 491 *A.*2d 49 (considering validity of liquidated damages clause).
>
> [*Id.* at 517–18, 591 *A.*2d 932.]

*Van Es v. Honeyleaf Properties, Inc.,* 253 *N.J.Super.* 566, 602 *A.*2d 759 (App.Div.1992), also involved purchasers in breach of a real estate contract; however, this contract contained a fifteen percent liquidated damages clause. The trial court granted the sellers summary judgment for the stipulated amount of damages. The Appellate Division reversed, noting the portion of *Kutzin, supra,* quoted above, and saying:

> We are satisfied that under the test set forth in section 374(2) of the Restatement, which the Supreme Court seemingly adopted by the dictum in *Kutzin,* the trial court erred by granting summary judgment in favor of Honeyleaf prior to the completion of all discovery. Plaintiffs should be afforded the opportunity to determine whether Honeyleaf resold the subject property and, if so, the purchase price and date of sale. And if the property was not resold within a short time after

the breach, plaintiffs should be allowed to determine what efforts Honeyleaf made to market the property. Plaintiffs also should be given the opportunity to determine how the 15% liquidated damages amount was established and whether at the time of the execution of the contract this sum represented a reasonable forecast of damages in the event of a breach.

[*Id.* at 568–69, 602 *A.*2d 759.]

Two years later, the Supreme Court decided *Wasserman's Inc. v. Township of Middletown,* 137 *N.J.* 238, 645 *A.*2d 100 (1994). That case involved a commercial lease for a tract of municipally-owned property. The lease contained a liquidated damages clause. The Court made these remarks, which appear particularly pertinent to the case at hand:

Although the Appellate Division has indicated that courts should determine the enforceability of a stipulated damages clause as of the time of the making of the contract, *Westmount Country Club [v. Kameny], supra,* 82 *N.J.Super.* [200] at 206, 197 *A.*2d 379 [(1964)], the modern trend is towards assessing reasonableness either at the time of contract formation or at the time of the breach. Calamari & Perillo, *supra,* § 14–31 at 642 (stating, "there are two moments at which the liquidated damages clause may be judged rather than just one").

Actual damages, moreover, reflect on the reasonableness of the parties' prediction of damages. "If the damages provided for in the contract are grossly disproportionate to the actual harm sustained, the courts usually conclude that the parties' original expectations were unreasonable." *Wassenaar [v. Panos], supra,* [111 *Wis.*2d 518,] 331 *N.W.*2d [357] at 364 [(1983)]; see 5A. *Corbin on Contracts* § 1063 (1951) ("It is to be observed that hindsight is frequently better than foresight, and that, in passing judgment upon the honesty and genuineness of the pre-estimate made by the parties, the court cannot help but be influenced by its knowledge of subsequent events."). Determining enforceability at the time either when the contract is made or when it is breached encourages more frequent enforcement of stipulated damages clauses. Calamari & Perillo, *supra,* § 14–31 at 642.

Two of the most authoritative statements concerning liquidated damages are contained in the Uniform Commercial Code and the *Restatement (Second) of Contracts,* both of which emphasize reasonableness as the touchstone. Farnsworth, *supra,* § 12.18 at 938. Thus, section 2–718 of the Uniform Commercial Code, adopted in New Jersey at *N.J.S.A.* 12A:2–718, provides:

(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy.

Similarly, the Restatement (Second) of Contracts provides:

Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

[*Restatement (Second) of Contracts* § 356(1) (1981).]

[*Id.* at 251–52, 645 *A*.2d 100.]

The Court also made this significant observation:

We do not reach the issue of the enforceability of liquidated damage clauses in consumer contracts. Notwithstanding the presumptive reasonableness of stipulated damage clauses, we are sensitive to the possibility that, as their history discloses, such clauses may be unconscionable and unjust. *Foont–Freedenfeld Corp. v. Electro–Protective Corp.,* 126 *N.J.Super.* 254, 258, 314 *A*.2d 69 (App.Div. 1973), *aff'd o.b.,* 64 *N.J.* 197, 314 *A*.2d 68 (1974); *Westmount Country Club, supra,* 82 *N.J.Super.* at 206, 197 *A*.2d 379; *Goetz & Scott, supra,* 77 *Colum.L.Rev.* at 588 (stating that "in the absence of bargaining unfairness, a stipulated damage clause reflects equivalent value").

[*Id.* at 253–54, 645 *A*.2d 100.]

We recognize that our Supreme Court's construction of the relevant *Restatement* (Second) provisions, § 356(1) and § 374(2), does not accord with some other courts. *See, e.g., Pima Sav. and Loan Ass'n v. Rampello,* 168 Ariz. 297, 812 *P*.2d 1115 (App.1991); *Watson v. Ingram,* 124 Wash.2d 845, 881 *P*.2d 247 (1994); *see generally,* James O. Pearson, Jr., J.D., Annotation, *Modern Status of Defaulting Vendee's Right to Recover Contractual Payments withheld by Vendor as Forfeited,* 4 *A.L.R.4th* 993 (1981). However, the present state of the law throughout the United States, as summarized in the following statement, strongly supports the proposition that a seller who has suffered no harm cannot retain a deposit even in the face of a liquidated damages clause:

The traditional view called for testing the reasonableness of the liquidated damages clause as of the time the contract was formed. Courts have often felt uncomfortable with this approach in cases in which the property's market value has risen sharply after contracting and before breach, so that the seller has little actual damages or none at all; an estimate of damages which was reasonable when made may sometimes turn out to be a gross exaggeration. More recent cases display a willingness to take this factor into account, and to refuse enforcement of the forfeiture if it would result in a large windfall to the vendor in fact. Note that the very fact that issues of reasonableness of amount, difficulty of estimation, and the

> like are pertinent and litigable in itself destroys much of the supposed advantage of liquidated damages clauses—their extra-judicial operation. With respect to the question of how great a gap the courts will tolerate between actual damages and the liquidated amount, the cases are much too variable to generalize, but unusually large earnest money deposits are commonly recoverable by purchasers. The ironic result is that the vendor who was piggish may end up with only actual damages, and only after being put to the trouble of proving them in court.
>
> [Cunningham *et al., The Law of Property* § 10.4 at 650–51 (1984) (footnotes omitted).]

Further, *Corbin on Contracts* has cited *Wasserman's, supra,* as aligning New Jersey with those cases from other jurisdictions "in which the court has refused to enforce the agreement to pay a specified sum on the express ground that the actual injury done was either nothing at all or was not hard to determine and was very much less than the agreed sum." 5 *Corbin on Contracts* § 1063 at 365 (1964 and Supp.1996 at 149–50).

In that regard, the following statement from the *Restatement* is telling:

> If, to take an extreme case, it is clear that no loss at all has occurred, a provision fixing a substantial sum as damages is unenforceable.
>
> [*Restatement (Second) of Contracts,* § 356, cmt. b at 158.]

We have observed that "a *dictum* by the Supreme Court is entitled to great, if not, indeed, controlling weight in this court." *Carianni v. Schwenker,* 38 *N.J.Super.* 350, 359, 118 *A.2d* 847 (App.Div.1955); *cf. State v. Rush,* 46 *N.J.* 399, 416, 217 *A.2d* 441 (1966).

With that principle in mind, buttressed by the additional authorities cited above, we conclude that the motion judge was correct in entering a judgment in favor of plaintiffs in this case since defendants suffered no damages and $79,027.40 is certainly a substantial sum.

### III

The motion judge included within the judgment a $10,000 award of counsel fees in favor of plaintiffs and against defendants pursuant to *R.* 4:46–5(b). Defendants appeal that portion of the judgment as well. Plaintiffs' counsel had submitted affidavits in

support of their motion for such fees. On February 9, 1996, the motion judge said, "I have not yet concluded whether or not ... counsel fees should be part of the judgment.... I'll allow counsel to have argument on this matter in two weeks." The next transcript submitted to us is dated February 13, 1996. It makes no mention of counsel fees. In short, the record submitted to us contains no findings of fact with respect to this issue by the motion judge. This may well have been an oversight and plaintiffs may be entitled to an award of counsel fees, but the present award cannot stand without findings of fact. *See R.* 4:46–5(b); *R.* 1:7–4. We will remand the case to allow a full determination of the application for counsel fees.

The judgment is affirmed with respect to the damage award of $79,027.40; the judgment is reversed with respect to the award of counsel fees, and the matter is remanded for further proceedings. We do not retain jurisdiction.