**DAYS INNS OF AMERICA, INC., Plaintiff,**

v.

**REGENCY MANOR, LTD., et al., Defendants.**

No. Civ.A. 99–2039–GTV.

United States District Court, D. Kansas.

April 10, 2000.

Edward R. Spalty, Donald G. Scott, Armstrong Teasdale LLP, Kansas City, MO, for Days Inns of America, Inc., plaintiff.

Richard C. Wallace, Joanne B. Stutz, Evans & Mullinix, P.A., Shawnee, KS, Ben L. Krage, Eric M. Jaegers, Krage & Janvey, L.L.P., Dallas, TX, for Marathon Development Corp. and Mischa Gage, defendants.

Timothy J. Sear, Robert S. Moskow, II, Polsinelli, White, Vardeman & Shalton,

Overland Park, KS, for Makao Jamison, defendant.

Robert W. McKinley, Lathrop & Gage L.C., Kansas City, MO, Adam S. Affleck, Salt Lake City, UT, for MAS Investments LLC, defendant.

Kurt A. Harper, Sherwood & Harper, Wichita, KS, for Tex Rent LLC, defendant.

## MEMORANDUM AND ORDER

VanBEBBER, District Judge.

Plaintiff Days Inns of America, Inc. brings this action against defendants Marathon Development Corp. ("Marathon"), Mischa Gage, Makao Jamison, and Tex Rent LLC ("Tex Rent"), alleging breach of contract, breach of guaranty, and trademark infringement and unjust enrichment in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and seeking various forms of monetary relief. The case is before the court on plaintiff's Motion for Summary Judgment (Doc. 56) and on defendant Makao Jamison's Cross Motion for Summary Judgment (Doc. 66). For the reasons set forth below, plaintiff's motion is granted in part and denied in part, and defendant Jamison's motion is denied.

### I. Factual Background

The following facts are either uncontroverted or are based on the evidence submitted with the summary judgment papers and viewed in a light most favorable to the nonmoving party. Immaterial facts and facts not properly supported by the record are omitted.

On July 20, 1995, plaintiff and defendant Regency Manor, Ltd. ("Regency"), by its partner Marathon, executed a "License Agreement" whereby plaintiff granted Regency a license to operate its guest lodging facility in Hutchinson, Kansas ("the Facility") as a Days Inn in return for payment of royalties and other fees. Regency, however, was never formed as a partnership. At the time the License Agreement was executed, defendants Gage and Jamison provided a Guaranty (at page 32 of the License Agreement) in which they warranted that the Licensee's representations were true and correct as stated, guaranteed that the Licensee's obligations would be punctually paid and performed, and promised to be liable themselves for those obligations.

Less than a year later, unbeknown to plaintiff, Marathon transferred the facility to defendant MAS Investments,[1] which continued to operate it as a Days Inn until February 1998, at which time it transferred the facility to Tex Rent, which also continued to operate it as a Days Inn. By its terms, the License Agreement terminated upon any unauthorized transfer of the Facility.

In June 1998, plaintiff discovered the transfer and notified Marathon that it was in breach of the License Agreement and responsible for outstanding fees, liquidated damages, and other obligations. In August 1998, plaintiff demanded that Marathon pay plaintiff certain fees and damages, and that Marathon de-identify the Facility. In September 1998, plaintiff demanded that Tex Rent discontinue use of all Days Inn marks and incidents thereof. Plaintiff filed its complaint in this case on February 1, 1999. Tex Rent finally stopped using the Days Inn marks on August 18, 1999, after having agreed to a Preliminary Injunction By Consent (Doc. 25) on June 2, 1999.

---

1. Regency has since been dismissed by notice, and MAS Investments has since been dismissed by stipulation.

## II. Summary Judgment Standards[2]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if it is essential to the proper disposition of the claim. See id. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. See id. at 325, 106 S.Ct. 2548. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See Anderson, 477 U.S. at 256, 106 S.Ct. 2505. "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for·trial." Id. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. See id. The court must consider the record in the light most favorable to the nonmoving party. See Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir.1984).

## III. Analysis

Plaintiff seeks summary judgment on defendant Marathon's liability for breach of contract, defendants Jamison and Gage's liability under the Guaranty, defendant Tex Rent's liability for infringing on plaintiff's trademark rights and unjust enrichment, and damages.

### A. Liability

#### 1. Defendant Marathon's Breach of Contract Liability

■ Plaintiff asserts that no genuine issue of material fact exists as to its claim that Marathon breached the License Agreement by transferring the Facility to MAS Investments without plaintiff's authorization. Because Marathon, in its Response, disputes neither this claim nor any of the facts set forth in plaintiff's statement of uncontroverted facts, the court deems those facts admitted and concludes that Marathon did violate the License Agreement by transferring the Facility to MAS Investments. The court grants summary judgment with respect to Marathon's liability for breach of contract.

#### 2. Defendants Jamison and Gage's Liability as Guarantors

Plaintiff argues that no genuine issue of material fact exists as to whether Jamison

---

**2.** The court admonishes the parties to familiarize themselves with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Kansas ("Local Rules"), in particular Local Rule 56.1. That Rule requires, among other things, that

[a] memorandum in opposition to a motion for summary judgment shall begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed.

and Gage are obligated under the Guaranty. The court agrees.

Jamison and Gage entered into the Guaranty at the same time that the original License Agreement was signed. The Guaranty provided that

> [t]o induce [plaintiff] to sign the License Agreement, [Gage and Jamison] ... (i) warrant to [plaintiff] that Licensee's representations and warranties in the Agreement are true and correct as stated, and (ii) guaranty that Licensee's obligations under the Agreement, including any amendments, will be punctually paid and performed. Upon default by Licensee and notice from [plaintiff, Gage and Jamison] will immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the Agreement.

■ Defendant Jamison does not dispute that he signed the Guaranty, nor does he dispute the plain meaning of its language; instead, Jamison proffers the argument that, because Regency never existed, neither the License Agreement nor the Guaranty were valid. Jamison also argues that the Guaranty is invalid because it was not supported by adequate consideration. The court disagrees with both arguments. The clear language of the Guaranty indicates that, should Regency be indisposed or unable to perform, Jamison and Gage will be liable for Regency's obligations under the License Agreement. Moreover, Jamison specifically warranted in the Guaranty that Regency's representations in the License Agreement as to its authority to enter into the agreement were true and correct.

New Jersey [3] courts have a long tradition of upholding guaranties, albeit strictly. See, e.g., Max v. Schlenger, 109 N.J.L. 298, 162 A. 638, 639 (1932) (cited in National Westminster Bank NJ v. Lomker, 277 N.J.Super. 491, 649 A.2d 1328, 1332 (1994)). Moreover, well-established principles of guaranty law and contract law support the conclusion that Jamison is liable as a guarantor. See Great Falls Bank v. Pardo, 263 N.J.Super. 388, 622 A.2d 1353, 1359 (1993) (discussing New Jersey law and relying extensively on 38 C.J.S. Guaranty (1992) in interpreting a contract for guaranty). Even if the License Agreement were invalid, for example, "[t]he general rule that where the principal contract is invalid the guaranty is rendered invalid does not apply ... where the guarantor intended to make himself liable for the principal debt or obligation even though it was invalid or unenforceable." 38A C.J.S. Guaranty § 17 (1996). Critically, "a guarantor is estopped to deny the legal effect and validity of the principal contract where it has been acted on by the guarantee in reliance on the guaranty, especially where the guarantor has consented to, and requested ratification of, such contract." Id. at § 18. Jamison does not dispute the Guaranty's clear indication that he intended to make himself liable; nor does he dispute that plaintiff relied, to its detriment, on his execution of the Guaranty. Even if the Guaranty was not valid on its face, Jamison would be estopped from challenging it. See Great Falls Bank, 622 A.2d at 1359 n. 9 (noting that doctrine of promissory estoppel estopped guarantor from asserting consideration defense).

■ Jamison also argues that the Guaranty is invalid for lack of consideration.

---

**3.** The License Agreement provides in Section 17.5 that it will be governed by and construed under the laws of the State of New Jersey. "In Kansas, parties to a contract generally may determine which state's laws will govern the rights and duties of the parties, as long as the chosen state bears a 'reasonable relation' to the transaction." Hossain v. Rauscher Pierce Refsnes, Inc., 46 F.Supp.2d 1164, 1167 (D.Kan.1999) (quoting Central Kan. Credit Union v. Mutual Guar. Corp., 102 F.3d 1097, 1108 (10th Cir.1996) and citing Kan.Stat.Ann. § 84–1–105(1) (1996)). Because plaintiff is a New Jersey corporation and the Facility is in Kansas, the "reasonable relation" requirement is satisfied, and the court construes the License Agreement and Guaranty according to New Jersey law.

The court disagrees. Even if it could not be said that Jamison received adequate consideration as an employee of Regency's partner Marathon, plaintiff's undisputed reliance on the Guaranty suffices. "A contract of guaranty is supported by a sufficient consideration if it is based on some benefit which passes to the principal obligor or guarantor or some detriment or injury to the guarantee." 38A C.J.S. *Guaranty* § 29. Moreover, "[w]here the contract of guaranty is made before or at the same time as the principal contract, and both contracts form parts of the same transaction, one consideration is sufficient for both the principal and the collateral contract and there need not be any other consideration than that moving between the guarantee and the principal obligor...." *Id.* at § 27. *Cf. Great Falls Bank,* 622 A.2d at 1359 (holding that, where guaranty and mortgage were not executed simultaneously, even a "trifling inconvenience" to the guarantee constitutes sufficient consideration). The court grants summary judgment as to defendant Jamison's liability as a guarantor, and denies Jamison's Cross Motion for Summary Judgment.

Because defendant Gage, in his Response, does not dispute that he is liable as a guarantor, and for the reasons set forth above, the court grants summary judgment as to defendant Gage's liability as a guarantor.

### 3. Defendant Tex Rent's Liability for Infringement and Unjust Enrichment

█ Plaintiff asserts that no genuine issue of material fact exists regarding whether Tex Rent infringed upon plaintiff's rights in its Days Inn mark in violation of the Lanham Act. Tex Rent admits that "no significant factual issues [exist] regarding the continued display of the Days Inn marks by the various defendants." The court deems plaintiff's factual assertions regarding trademark infringement and unjust enrichment to be admitted, and thus grants summary judgment with respect to Tex Rent's liability for infringement and unjust enrichment.

### B. Remedies

#### 1. Liquidated Damages

█ Plaintiff argues that it is entitled to $168,000 in liquidated damages, but defendants respond that a genuine issue of material fact exists as to the reasonableness and enforceability of the damages provision.[4] The court agrees with defendants.

New Jersey has adopted "the modern trend ... towards assessing reasonableness either at the time of contract formation or at the time of the breach.... 'If the damages provided for in the contract are grossly disproportionate to the actual harm sustained, the courts usually conclude that the parties' original expectations were unreasonable.' " *Wasserman's Inc. v. Township of Middletown,* 137 N.J. 238, 645 A.2d 100, 107 (1994) (quoting *Wassenaar v. Panos,* 111 Wis.2d 518, 331 N.W.2d 357, 364 (1983)); *see also Nohe v. Roblyn Development Corp.,* 296 N.J.Super. 172, 686 A.2d 382, 383–85 (1997).

"The decision whether a stipulated damages clause is enforceable is a question of law for the court. Although the question is one of law, it may require resolution of underlying factual issues." *Id.* at 110. "Such clauses should be deemed presumptively reasonable and the party challenging such a clause should bear the burden of proving its unreasonableness." *Id.* at 108.

Having reviewed the record, the court finds that underlying factual issues remain

---

4. Section 12 of the License Agreement requires that liquidated damages shall comprise "an amount equal to the sum of accrued [Recurring Fees] during the immediately preceding 24 full calendar months" or $168,000, whichever is greater.

such that a genuine issue of material fact exists as to whether the liquidated damages provision is reasonable. While defendants have not satisfied their burden of proving the provision unreasonable, neither is the court satisfied that the $168,000 figure is proportionate to plaintiff's actual damages or that the figure represents a reasonable estimate thereof. Furthermore, the court is not satisfied that plaintiff has not already recovered a substantial portion of what it would have lost had operations at the Facility abruptly stopped at the time plaintiff discovered Marathon's breach in June 1998. The court denies plaintiff's motion for summary judgment with respect to liquidated damages.

### 2. Recurring Fees; Pre–Judgment Interest

Plaintiff claims that, as of August 28, 1998, Marathon owed it $28,605.46 in Recurring Fees pursuant to Section 7 of the License Agreement. Defendants Marathon and Gage respond that plaintiff's submission of an affidavit claiming that plaintiff is owed "approximately" that amount, with no further evidence, is insufficient to support summary judgment in plaintiff's favor. The court agrees, and denies summary judgment with respect to plaintiff's claim for $28,605.46 in Recurring Fees damages.

For the same reason, the court denies summary judgment with respect to plaintiff's claim for pre-judgment interest. Pursuant to Section 7.3 of the License Agreement, defendants are liable for 1.5% pre-judgment interest. See Mid–Jersey Nat'l Bank v. Fidelity–Mortgage Investors, 518 F.2d 640, 645 (3rd Cir.1975) (holding that the proper rate for pre-judgment interest is "the rate fixed by the parties" in a contract). Because the principal amount has not yet been determined, however, an award of pre-judgment interest is inappropriate at this time.

### 3. Recovery for Trademark Infringement and Unjust Enrichment

Plaintiff, citing the formula for recovery in 15 U.S.C. § 1117, asks the court to enter judgment for $142,021.14 in its favor against defendant Tex Rent. Tex Rent objects that a portion of the plaintiff's calculation is based on royalties and other fees that plaintiff would have received as a percentage of revenue under its License Agreement with Marathon, but instead should be based on plaintiff's actual damages. Although the court has concluded that Tex Rent is liable for trademark infringement, the court finds that genuine issues of material fact exist as to the amount of damages plaintiff has sustained. Furthermore, 15 U.S.C. § 1117(a) vests the court with discretion to "enter judgment for such sum as the court shall find to be just" if it finds that the amount of the recovery based on profits is "either inadequate or excessive." Section 1117(a) also requires that the sum "constitute compensation and not a penalty." Because a trier of fact could find in this case that an award based upon the formula is excessive, or that it constitutes a penalty, the court denies summary judgment with respect to plaintiff's claim for recovery under 15 U.S.C. § 1117.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's Motion for Summary Judgment (Doc. 56) is granted with respect to plaintiff's liability claims and denied with respect to the determination of plaintiff's damages, and that defendant Makao Jamison's Cross Motion for Summary Judgment (Doc. 66) is denied.

**IT IS SO ORDERED.**