GENERAL ELECTRIC CAPITAL
CORPORATION, Plaintiff,

v.

LASER HAIR REMOVAL, INC.,
etc., et al., Defendants.

No. 00 C 2802.

United States District Court,
N.D. Illinois,
Eastern Division.

May 18, 2000.

Alex Darcy, Askounis & Borst, P.C., Chicago, IL, for plaintiff.

*MEMORANDUM ORDER*

SHADUR, Senior District Judge.

This newly-filed action by General Electric Capital Corporation ("GE Capital") against Laser Hair Removal, Inc. ("Laser") and Dr. Max Pena, based on Laser's asserted default under an Equipment Lease Agreement ("Lease") guaranteed by Dr. Pena, has been assigned to this Court's calendar. This memorandum order is issued sua sponte to accompany this Court's standard order that establishes an initial status hearing date and prescribes appropriate procedures to be followed before that hearing.

Although the Complaint's allegations confirm the existence of the requisite amount in controversy for diversity jurisdiction in any event, the Lease between GE Capital's predecessor in interest Trans Leasing International ("Trans Leasing") and Laser includes this default provision (Lease ¶ 16):

> If you do not make any Rental Payment when due or if you break any of your promises under this Lease, you will be in default. If you default, we can require that you pay the remaining balance of this Lease and return the Equipment to us.

Because that provision does not take into account the need (1) to reduce the accelerated future rental payments to present value and relatedly (2) to take account of the fact that an earlier recapture of the leased equipment provides the lessor with a more valuable asset than is represented by the anticipated residual value at a future date (the scheduled Lease expiration date), the Lease provisions implicate an unenforceable penalty (see, e.g., *Heller Fin., Inc. v. Burry*, 633 F.Supp. 706, 707 (N.D.Ill.1986), citing *Lake River Corp. v. Carborundum Co.*, 769 F.2d 1284, 1290 (7th Cir.1985)). Yet Complaint ¶ 13 appears to seek recovery of an excessive amount that includes the unrecoverable penalty.

There is also another aspect of the Complaint that seems problematic. It is quite true that Lease ¶ 25 contains (and entirely in capital letters, albeit in very small type) this provision:

> This agreement is performable in the state of Illinois and shall be governed by and subject to the internal laws (as opposed to conflicts of law provisions) and decisions of the state of Illinois. Lessor and Lessee consent to the jurisdiction of any local, state or federal court located within the County of Cook and state of

Illinois, and waive any objection relating to improper venue or forum non conveniens to the conduct of any proceeding in any such court.

And it is also true that such choice of law and choice of forum agreements are regularly honored so long as the designated jurisdiction has a reasonable relationship to the transaction at issue in the litigation.

But in this instance (1) Trans Leasing's home base was in Pennsylvania, although a Deerfield, Illinois office was specified in the Lessor listing, (2) the equipment supplier was located in New Jersey, (3) both Laser and Dr. Pena are from Tampa, Florida and (4) GE Capital has its principal place of business in Stamford, Connecticut. All of that renders quite suspect the allegations in Complaint ¶ 5 that seek to tie this controversy to Illinois:

> In addition the terms of the lease and the guaranty notwithstanding, defendants have transacted business in the State of Illinois within the meaning of § 735 ILCS 7/2–209(a)(1) –(7) of the Illinois Code of Civil Procedure by their solicitation of financing in the State of Illinois, negotiation and execution of an agreement substantially connected with the State of Illinois, their partial performance of contracts in the State of Illinois, and other such acts.

Even if the single reference to an Illinois branch office of Trans Leasing could have sufficed to support the enforceability of Lease ¶ 25 in an action by Trans Leasing against Laser and Dr. Pena (a matter of some doubt in itself), it must be remembered that the present dispute is instead between GE Capital on the one hand and Laser and Dr. Pena on the other, with *none* of them having any connection at all to this jurisdiction.

In light of what has been said here, GE Capital is ordered to file in this Court's chambers on or before May 30, 2000 (with a copy of course transmitted to Laser and Dr. Pena at their Tampa address) both (1) an amendment to the Complaint that not only specifies a proper ad damnum but also states in appropriate detail how that figure has been calculated and (2) a memorandum supporting, with appropriate authorities, the propriety of asserting personal jurisdiction over Laser and Dr. Pena *and* of lodging venue in this district.[1] This Court will then determine what may be appropriate in terms of the retention or nonretention of this action.

---

1. As to venue, Complaint ¶ 6 purports to base bringing suit in this judicial district on *GE Capital* maintaining an office here, although

28 U.S.C. § 1391(a)—which is applicable in diversity cases—makes *that* fact a total irrelevancy.